[No. 2,660.]

## GEORGE W. COOK *v.* DANIEL FRINK ET AL.

MEXICAN LAW—SALE BY PAROL.—Under the Mexican law in force in 1848, parol sales of real estate, when fully executed, were valid and binding between the parties, and passed the title to the vendee.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The defendant had judgment, and the plaintiff appealed. The other facts are stated in the opinion.

*F. E. Spencer*, for Appellant, cited *Long* v. *Dollarhide*, 24 Cal. 218.

*Bodly & Rankin*, for Respondents.

By the Court, BELCHER, J.:

This is an action of ejectment to recover the possession of certain premises situated in the County of Santa Clara. Both parties deraign title from one David Allen, who is admitted to have been the owner of the premises in 1848.

The testimony tends to show that one John W. Whisman (through whom the plaintiff claims by regular mesne conveyances) bought the premises of Allen in 1848, paid for them and went into possession.   The testimony is meager upon this question, but we think it shows prima facie that there was a fully executed parol sale prior to the execution of the deed.

The only question presented for decision is whether the title to the premises could pass from Allen to Whisman by virtue of a parol sale.

· Under the Mexican law in force here in 1848, parol sales of real estate, when fully executed, were valid and binding between the parties, and passed the title to the vendee. (See *Long* v. *Dollarhide*, 24 Cal. 218, and authorities cited in brief of respondents in that case.)

As the case was submitted to the Court below, we think the Court should have found that the title was in the plaintiff.

Judgment and order reversed, and cause remanded.

Mr. Justice CROCKETT did not express an opinion.