[No. 2,838.]

FREDERICK HALL v. GEORGE M. YOELL, JUAN PABLO BERNAL, AMOS WHITE, JOHN TRIMBLE, ADOLPHUS H. PARKER, ANTONIO HIGUERRA DE BERNAL, AND JEAN DAVID GUERRAZ.

PAROL SALE OF LAND UNDER MEXICAN LAW.—A parol sale of real estate, made in California while the laws of Mexico were in force here, if fully executed, was valid, and passed the title to the vendee.

SHERIFF'S DEED OF LAND.—A Sheriff's deed of real estate, executed under an execution sale, if made before the time for redemption expires, is void.

PARTIES DEFENDANT IN FORECLOSURE CASE.—Persons claiming title to real estate, under Sheriff's sales which passed no title, are not necessary or proper parties defendant in an action to enforce a mortgage on the same real estate, made before the Sheriff's sales took place.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The complaint averred that the plaintiff and the defendants Juan Pablo Bernal, Jean David Guerraz, Amos White, and John Trimble claimed, and possessed as tenants in common, the land of which partition was asked, and that the plaintiff owned in fee one undivided quarter of the whole thereof; and that the defendant George M. Yoell claimed the same interest in the land claimed by the defendant Parker, and that it was an issue of law which of said two defendants was the rightful owner thereof.

The Court below, in the interlocutory decree, awarded the land in dispute between defendants Parker and Yoell to Parker. The defendant Yoell was awarded an interest in the land, which was diminished by the holding of the Court, that the parol sale mentioned in the opinion was valid.

The other facts are stated in the opinion.

*F. E. Spencer*, for Appellant.

A sale by parol of real estate was invalid under the Mexican law. (*Owen* v. *Simmons*, 1 Cal. 120; *Hays* v. *Bona*, 7 Cal. 129; *Stafford* v. *Lick*, 10 Cal. 12; Law 29, Book 8, Title 13, Recopilacion de las Indias; Ordenanzas de Tierras, 7 Aguas, 144; Escrichi, last edition, verb. "Venta.")

The decisions of the Court ordinarily relied upon in support of that doctrine, in effect maintain nothing more than the doctrine of specific performance under our system, the requisites of which are: delivery of possession, payment of the purchase price, in addition to the contract of sale. (*Owen* v. *Simmons*, 1 Cal. 120; *Tohler* v. *Folsom*, 1 Cal. 208.)

The decision of *Long* v. *Dollarhide*, 24 Cal. 218, upon the point of a parol sale, is a mere dictum, the point in controversy being a parol partition, the validity of which was recognized at common law. The laws cited therein, "Law 6, Title V, Partida 5, vol. 3, Siete Partidas," p. 295, and Law I, Title 6, 5th Partida, p. 359, do not in fact support that doctrine.

*J. A. Moultrie*, for Respondent Parker.

*Frederick Hall*, in *pro. per.*

A parol sale of real estate was valid under the Mexican law. It is laid down expressly in Law 6, Title V, 5th Partida, that sales may be made with or without writings, at the option of the parties to the contract. Such is the law in

plain words, and such is the construction of that law by this Court, in *Long* v. *Dollarhide*, 24 Cal. 223. In *Sacket* v. *Hooper*, 3 La. 107, the Court held (and in other cases) that parol contracts pertaining to real estate were valid under the Spanish and Mexican laws.

*Moore, Laine & Silent*, for Respondent Guerraz.

The case of *Long* v. *Dollarhide*, 24 Cal. 218, sustains the doctrine announced by the Court *arguendo* in *Hoen* v. *Simmons*, 1 Cal. 121, viz: that an executed parol sale of lands was valid under Spanish law. It is true that in none of these cases was the exact point before the Court for decision, but kindred points were, and so far as the Court has spoken as yet, it has been in favor of upholding executed parol sales of real property under Spanish law. The Courts of Louisiana, however, have had occasion to decide this question quite often, and always the same way, viz: that such contracts are valid. (*Gonzales et al.* v. *Sanches*, 4 La., N. S., 657; *Maes* v. *Gilland's Heirs*, 7 La., N. S., 317; *Sackett* v. *Hooper*, 3 La., O. S., 104; *Devall* v. *Choppen*, 15 La., O. S., 566.) These cases settle this question under the Spanish law.

By the Court, NILES, J.:

This appeal is taken by the defendant Yoell only, from an interlocutory decree in an action for the partition of the northern portion of the Rancho Canada de Pala, situate in the County of Santa Clara. The common source of title was a grant of the land by the Mexican Government to the three brothers, José Jesus Bernal, José Antonio Bernal, and Juan Bernal.

The plaintiff claimed title to an undivided one fourth of the premises through a parol sale made by José Jesus Bernal, one of the original grantors, to his brother José Antonio Bernal, sometime in the year 1848. The validity of this

sale is disputed by the appellant, and, as between the plaintiff and the appellant, this is the sole ground of error assigned upon the appeal.

The question presented is not an open one in this Court. In *Cook* v. *Frink*, 44 Cal. 331, it was said that "under the Mexican law in force here in 1848, parol sales of real estate, when fully executed, were valid and binding between the parties, and passed the title to the vendee." The same construction of the Mexican law was given in *Long* v. *Dollarhide*, 24 Cal. 218, and the principle may be considered as settled in this State.

There was ample evidence in support of the implied finding of the Court below, that the parol sale from José Jesus Bernal to his brother José Antonio, was followed by a possession of the vendee sufficient to consummate and perfect the sale.

2. There can be no doubt as to the title of the defendant Parker to the interest claimed by him and awarded to him by the decree.

This title was derived from a mortgage executed to one Story by Dionicio Bernal, in October, 1863, by which the latter mortgaged the entire interest which he held in the land as one of the heirs of José Jesus Bernal. No question is made as to the validity of the foreclosure and sale under the mortgage, or of the subsequent conveyance, by which the title of Dionicio Bernal is claimed by defendant Parker to have become vested in himself. Against this claim the appellant sets up a title derived through two deeds, the one made by a Constable, and the other by a Sheriff, after sales under executions issued subsequently to the execution of the Story mortgage.

The first judgment was rendered in a Court of a Justice of the Peace on the 4th of October, 1862, at the suit of one Guerrillo against one Leonisio Bernal. There was no evidence whatever to show that this Leonisio Bernal was the

same person, under another name, as the Dionicio Bernal who was the acknowledged owner of the interest mortgaged to Story and who executed that mortgage; nor was there any evidence tending to connect him in any way with the title to the land. The judgment roll and Constable's deed might very well have been excluded upon this ground, and was very properly disregarded.

The Sheriff's deed which followed the sale under execution in the case of *Schlesinger* v. *Dionicio Bernal*, was executed within less than six months after the sale was made, and as has been frequently held by this Court, was for that reason utterly void. (*Gross* v. *Fowler*, 21 Cal. 392; *Bernal* v. *Gleim*, 33 Cal. 668.) The purchasers at these several sales were neither necessary or proper parties to the suit to foreclose the mortgage.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.