## HARRIS *v.* REYNOLDS *et al.*

THE words "tenant in possession" in Section 236 of the Practice Act, embrace the judgment debtor, as well as his lessee.

The purchaser at Sheriff's sale of a "water ditch," is entitled to the rents and profits thereof from the date of the sale till the expiration of the time for redemption, as well from the judgment debtor in possession as from his tenant.

Where statutes use words and phrases of a well-known and definite meaning in the law, they are to be expounded in the same sense in the statute.

Where a judgment debtor remains in possession of a "water ditch" after Sheriff's sale, and collects the rents and profits during the six months following, he is a Trustee of the fund for the purchaser at the sale, and, if the fund be in danger of loss, a bill in equity to account, will lie.

APPEAL from the Eleventh District.

*John Hume,* for Appellant. 1. The phrase "tenants in possession" in the 236th Section of the Practice Act, does not include the owner of property. (*Sampson* v. *Shaeffer,* 3 Cal. 196; *Ramirez* v. *Murray,* 5 Id.; *Tewksbury* v. *Emory,* 5 Id.; *Reynolds* v. *Lathrop,* 7 Id. 43; *McDevitt* v. *Sullivan,* 8 Id. 592; *Knight* v. *Fair,* 9 Id. 117.) 2. Equity has no jurisdiction. Defendant is entitled to a jury to fix value of use and occupation.

*Sanderson & Newell,* and *Hewes,* for Respondent.

I. The word "tenant" is defined to be "one that holds or possesses lands or tenements, by any kind of title, either in fee, for life, years, or at will." (3 Tomlinson's Law Dic.; 2 Burrill's Law Glossary; 2 Bouvier's Law Dic.) The expression "tenant in possession" is a legal, and therefore a technical, expression, and when found in a statute, or a law book, has a fixed legal and technical meaning, and the Legislature in the one instance, and the writer in the other, are presumed to have used it in its legal and technical sense. (*United States* v. *Magill,* 1 Wash. C. C. 463; *State* v. *Smith,* 5 Humph. 394: *Adams* v. *Turrentine,* 8 Ire. 147; 4 Pick. 405; *State* v. *Mace,* 5 Md. 337; 8 Port. 404; 17 Vt. 479; 18 Me. 308; 12 Geo. 526.)

The Legislature having used a general expression, which includes the judgment debtor, the Courts must give that expression its broadest and most comprehensive meaning. (25 Miss. 571.) The Legislature not having attempted to define, or limit, or qualify, the words used, the Courts must look to the books to ascertain their meaning. (12 Pick. 223, 226; 26 Ala. 145.)

II. Bill in equity lies, because: 1. The Appellant, by reason of his position as Treasurer of the company, and the rules of the company, which require him to declare a dividend each month, and pay the same over to the parties entitled thereto, is a Trustee of all the proceeds of the canal, and holds them for the benefit of the owners, whoever they may chance to be.

2. By the sale, and by the operation of the law governing the

sale, and fixing its consequences, the judgment debtor being in possession, and still vested with the legal title to the property, is made, as to the proceeds of the property, pending the time allowed for redemption, the Trustee of the purchaser, or his assignee, and holds those proceeds for his benefit, and must pay them over to him. (2 Story's Eq. Jurisp. Secs. 964, 839—841; 3 Daniel's Ch. Pr. 1965, and cases cited, 1958, 2008; *Keys* v. *Bush*, 2 Paige, 211; *Haggarty* v. *Pittman*, 1 Paige, 298.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This bill is filed to settle and recover the value of the rents and profits of a certain ditch, or interest therein, bought by the plaintiff at Sheriff's sale. The defendants are in possession. The proceeds of the sales of water, etc. sought to be recovered arise from the property since the Sheriffs sale, and before the expiration of the period limited by statute for the redemption. Treating this species of property as real estate, subject to its incidents and laws, we are brought to consider, as the main point presented by this appeal, whether these intermediate rents or profits go to the purchaser at the Sheriff's sale, when the judgment debtor is in possession. This question involves the construction of the 236th Section of the Practice Act, (Wood's Dig. 198.) That Section is in these words: "The purchaser from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, shall be entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof." It is very true, as argued by the Appellant, that a purchaser, by the mere fact of his purchase, does not get title to real estate. His right is rather the right to get a title in a given contingency, and the transaction an executory, not an executed, contract. But it does not follow, because he is not clothed with a perfect title, or even because he is not personally entitled to the possession, that he has no rights in the premises. He may have a perfect statutory right to the profits, without having a right to the subject out of which the profits proceed. Indeed, it is conceded by the Appellants that this is true as regards the party in possession, if that party is a tenant of the judgment

Harris *v.* Reynolds.

debtor. A privilege of redemption is given to the judgment debtor; but it is uncertain whether he will exercise it. Time is not given for the purpose of enabling the debtor to make a profit out of the estate, but for the purpose of enabling him to raise the money to redeem. There is no presumption that the property sells for less than its present value; and there is no compulsion upon the part of the debtor to redeem, if he is able, and if he does not, the purchaser runs the risk of the title, the depreciation or destruction of the property, and in fact, all the risks attending the ownership of property. As the law holds him to the responsibilities of owner, it entitles him to the benefits of owner, so far as the right to the profits is concerned; but it gives this right without allowing the purchaser to disturb the possession of the debtor. This redemption system is a highly artificial plan, devised with care by the Legislature, and introducing new and specific rules in respect to judicial sales. It must be supposed that the Legislature have used legal terms, according to their received legal interpretation.

The phrase "the tenant in possession," is a generic term, intended to designate the class of persons from whom the purchaser was to receive the rents. The language is not that, when a tenant of the debtor is in possession, the tenant shall pay the purchaser, or that the debtor, when in possession, shall not; but the phraseology designed, evidently, to fix a general right, applying to all cases of tenancy, for none are excluded.

It is not very easy to see the reason for such a distinction as that contended for. It would give but little help to the purchaser, since the debtor, on the eve of judgment, might change a possession by tenancy, and take possession personally; or change the terms of tenancy so as to make of little or no value the purchaser's right; and why should a debtor be any more inhibited from getting profit from rent than getting profit from use—in this case, from authorizing other persons to sell water, and selling it himself? The definition of "tenant in possession" embraces, within the natural and usual meaning of the words, a judgment debtor as well as his lessee. The owner in fee in possession is no less, in legal contemplation, a tenant, than the man who occupies under him. The definition of tenant is, "one that holds or possesses lands or tenements by any kind of title, either in fee, for life, years, or at will."

The rule of construction of statutes is plain. Where they make use of words and phrases of a well-known and definite sense in the law, they are to be received and expounded in the same sense in the statute. (*United States* v. *McGill*, 1 Wash. C. C. 463 ; *Adams* v. *Turrentine*, 8 Ire. 149 ; *State* v. *Smith*, 5 Hump. 396 ; *Ex parte Vincent*, 26 Ala. 145.)

The·concluding words of the section of the statute we are considering lends some strength to the construction we give; for, after providing for the recovery of the rents of the property sold, the words "or the value of the use and occupation" are added; these latter words applying to, and covering, the case of the possession of the debtor.

If we could see a stronger reason for the distinction insisted on than we have been able to perceive, yet, as the language of the Act is precise, and makes no exception of the judgment debtor, we could not without interpolating a new provision into the statute, exclude a class of persons fully within the definition, any more than we could include a class not embraced by its terms.

The only other question is as to the remedy. It is argued that, conceding the plaintiff's right, a bill in equity of this sort is not the appropriate means of relief. But we think otherwise. The defendants being in possession of this property, were Trustees for the plaintiff. The profits consisted of many sales and transactions, requiring the settlement of a long and complicated account, which could not well be settled at law; besides, many other equitable circumstances exist here—the alleged insolvency of defendants; the partial conversion of the fund; the threatened loss of it; the interest of other parties requiring adjustment and settlement. The further fact that Reynolds was the Treasurer of the ditch company into whose hands the installments due on the interest sold as his came, is also of force in showing the propriety of this remedy. The whole bill, however, might well rest on these facts, that the defendants were merely Trustees of this fund for the plaintiff, and that the fund was in danger of loss ; and these facts would uphold the power of chancery to protect the trust property.

Decree affirmed.