[No. 8,145.—Department One.]
Aug. 25, 1882.

## H. M. PERHAM *v.* CHARLES KUPER ET AL.

SHERIFF'S DEED—PERIOD OF REDEMPTION FROM EXECUTION SALE.—In an action to quiet title the defendant claimed under an execution sale, made October 5, 1874, in an action in which the land in controversy had been attached, and a Sheriff's deed executed, in pursuance of the sale, April 5, 1875; and the plaintiff, under an execution sale, followed by a Sheriff's deed, in an action subsequently brought against the same defendant to foreclose a mechanic's lien, to which the defendants here were not made parties. The Court held that the Sheriff's deed to the defendant was void; and found that the plaintiff was the owner of the land, and that defendants had no right, title, or interest therein.

*Held:* The judgment debtor had the whole of the fifth day of April, 1875, within which to redeem; and the Sheriff's deed was therefore executed prematurely, and was void.

ID.— ID.— CERTIFICATE OF SALE — BILL OF EXCEPTIONS— SPECIFICATIONS. It may be that the Court below should have found that the defendants had an estate, right, title, or interest in and were entitled to the possession of the land by virtue of the judgment, sale, and certificate of sale. But there is in the bill of exceptions no specification of insufficiency of the evidence to justify any of the findings, except as to the evidence on which the Court found that the Sheriff's deed was void.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Trinity.   JONES, J.

A petition for hearing in bank was filed in this case after judgment and denied.

*C. E. Williams* and *John C. Burch,* for Appellant.

*F. P. Dann,* for Respondents.

The COURT:

James Patterson owned a mine.   Plaintiff claimed to have

acquired the title to the mine through a sale under a decree purporting to foreclose a lien of a material-man; and introduced in evidence the judgment roll in an action *Perham* v. *Patterson,* an order of sale, Sheriff's return thereon, and Sheriff's deed to plaintiff. Defendants, appellants, allege here that the sale under the decree was void as against defendants, who were attaching creditors.

When the judgment-roll was offered, the relation of defendants to the property had not been made to appear, and there is, in the bill of exceptions, no specification of insufficiency of evidence pointing toward the invalidity now asserted.

It is also urged that the Court had no jurisdiction of the person or property of Patterson, because the judgment-roll contains no proof of the publication of summons in the action *Perham* v. *Patterson.* But no objection was made to the judgment-roll when it was offered in evidence, and the bill of exceptions contains no specification of deficiency in the evidence to the effect that the judgment-roll and deed did not show title in plaintiff; nor even a specification that the plaintiff's title was not made out by the evidence.

Defendants claimed under a Sheriff's deed which was executed on the fifth of April, 1875, the execution sale having taken place October 5, 1874. The judgment debtor had the whole of the fifth day of April, 1875, to redeem. (C. C. P., §§ 12, 702.) The act of redemption was to be done within six months after the sale. The Sheriff had power to execute the deed only after the period for redemption had passed. The deed is void. (*Gross* v. *Fowler,* 21 Cal. 392; *Bernal* v. *Gleim,* 33 id. 668; *Moore* v. *Martin,* 38 id. 428; *Hall* v. *Yoell,* 45 id. 584.)

It may be that the Court below should have found that the defendants had an estate, right, title, or interest in, and were entitled to the possession of the land, by virtue of the judgment, sale, and certificate of sale. But there is in the bill of exceptions no specification of insufficiency of the evidence to justify any of the findings, nor any such specification, except as to the evidence on which the Court found that the *Sheriff's deed* was void.

Judgment and order affirmed.