## CITIZENS' NATIONAL BANK OF LAUREL, RESPONDENT, *v.* WESTERN LOAN & BUILDING CO., APPELLANT.

(No.. 4,829.)

(Submitted May 31, 1922.   Decided June 30, 1922.)

[208 Pac. 893.]

*Real   Property—Mortgages—Foreclosure—Redemption — Rents and   Profits—Accounting—Parties.*

Real Property—Mortgage Foreclosure—Status of Purchaser.
1.   Under section 9441, Revised Codes of 1921, the purchaser at a foreclosure sale is substituted to and acquires all the interest of the judgment debtor in the property sold, leaving in the judgment debtor only the bare right to redeem.

Same—Foreclosure Sale Certificate a "Conveyance" Within Recording Act.
2.   The certificate of sale issued to purchaser under a foreclosure sale by the sheriff is a "conveyance" within the Recording Act.

Same—Redemption—Accounting of Rents and Profits—Parties.
3.   Where a loan company had transferred its interest in real property bought by it at foreclosure sale to another with the understanding that the legal title and right of possession should remain in it until full payment had been made, the proper party defendant in an action for an accounting of rents and profits therefrom was the company and not the vendee.

Same—Redemption—Rents and Profits—Accounting—"Tenant" in Possession—Definition.
4.   In an action for an accounting by a redemptioner against the purchaser at foreclosure sale for rents and profits received by the latter, *held*, that the word "tenant" used in section 9448, Revised Codes of 1921, in providing that a redemptioner is entitled to receive from the tenant in possession the rents of the property, *etc.*, is not to be construed in its strict or technical sense, but as indicating one who holds possession of the land by any kind of title, either in fee, for life, for years, at will or at sufferance.

Same—Foreclosure—Right of Purchaser to Possession.
5.   The purchaser of real property at foreclosure sale is, as against the judgment debtor, entitled to possession during the period of redemption.

Same—Purchaser to Account Only for Rents and Profits Actually Received.
6.   In the absence of any showing of willful default or negligence on the part of the purchaser of realty at foreclosure sale, the redemptioner is entitled, under section 9448, Revised Codes of 1921, to demand an accounting by notice or suit in equity, only to the rents and profits actually received by the former.

---

3.   Right to rents or income after foreclosure decree and before purchaser's title is perfected, see note in 1 L. R. A. (n. s.) 1079.

*Appeal from District Court, Big Horn County; Charles A. Taylor, Judge.*

ACTION by the Citizens' National Bank of Laurel, Montana, against the Western Loan & Building Company. Judgment for plaintiff and defendant appeals. Modified and affirmed.

*Mr. M. J. Lamb,* for Appellant, submitted a brief and argued the cause orally.

Purchasers and redemptioners as used in said section 6843, Revised Codes of 1907, are purely statutory personages. Their rights to receive moneys by way of rentals or for the use of the property rests wholly upon that section which was expressly enacted to confer a right which did not exist as a result of any execution or foreclosure sale. (*Little* v. *Worner,* 11 N. D. 382, 92 N. W. 456.)

· Where the judgment debtor remains in possession during the period of redemption he can by the proper action, after issuance of sheriff's deed, be compelled to pay to the purchaser or redemptioner, upon their receiving a deed, the value of the use and occupation of the premises during the period of redemption, because he is a "tenant in possession" within the meaning of the section of our Codes above quoted. (*Harris* v. *Reynolds,* 13 Cal. 514, 73 Am. Dec. 600.)

If a tenant of the judgment debtor may be in possession under some form of leasing the purchaser may collect from such tenant the rents specified, and that too even though such tenant may have paid the rents in advance. (*Webster* v. *Cook,* 38 Cal. 423; *Clark* v. *Cobb,* 121 Cal. 595, 54 Pac. 74; *United States Mortgage Co.* v. *Willis,* 41 Or. 481, 69 Pac. 266; *Clement* v. *Shipley,* 2 N. D. 430, 51 N. W. 414.)

But in case the purchaser has not received any moneys by way of rents or for the value of the use and occupation of the property it is very clear he is not subject to any action by a redemptioner for "an accounting and disclosure." To hold otherwise would impose an unreasonable liability on

the purchaser, and one not intended by the statute to be cast upon a purchaser of real estate at foreclosure sale. (*Kennedy* v. *Trumble,* 32 Wash. 614, 73 Pac. 698; *Watson* v. *Perkins,* 88 Miss. 64, 40 South. 643; *Pendola* v. *Alexanderson et al.,* 67 Cal. 337, 7 Pac. 756; *Saunders* v. *Frost,* 22 Mass. (5 Pick.) 259, 16 Am. Dec. 394.)

The court erred in holding that this action can be maintained against appellant instead of Mrs. A. Becker.

Mrs. Becker took possession of the property under the contract of sale. That all rights acquired by a purchaser at foreclosure sale of real estate, including possessory rights, if any there are, can be transferred or assigned does not call for any citation of authority. The contract by which appellant agreed to sell the property to Mrs. Becker, subject to a right of redemption, was in effect a transfer or assignment to her of its rights as purchaser at the foreclosure sale under its mortgage foreclosure. (*Green* v. *Clark,* 31 Cal. 591; *Leonard* v. *Flynn,* 89 Cal. 535, 23 Am. St. Rep. 500, 26 Pac. 1097; *McLean* v. *McCormick,* 4 Neb. (Unof.) 187, 93 N. W. 697; *Lindley* v. *Crombie,* 31 Minn. 232, 17 N. W. 372; 23 C. J. 790.)

The right acquired by a purchaser at foreclosure sale "may be transferred and the transferee will be substituted to his (assignor's) position, and be subject to the same liabilities," including the obligation to account to a redemptioner for rents and profits received. (*Dutton* v. *Warschauer,* 21 Cal. 609, 82 Am. Dec. 765; *Shores* v. *Scott River Co.,* 21 Cal. 135; *Gillett* v. *Romig,* 17 Okl. 324, 87 Pac. 325.)

*Messrs. Nichols & Wilson,* for Respondent, submitted a brief; *Mr. Harry L. Wilson* argued the cause orally.

It is the contention of the plaintiff that the defendant is liable under the facts to account for the reasonable rental value of the property from the date of the Becker contract to the present time. It took possession of the property, sold it, placed the purchaser in possession, canceled her contract,

and demanded rent from her for the entire term while in possession. Under these circumstances the defendant will not be heard to say that it has received no rents and profits from "the tenant in possession" or is not liable for "the value of the use and occupation thereof."

Rents and profits have been received by both the defendant and its assignee, Becker, and the law will not permit an escape from liability through the claim that Pecker was a purchaser and that therefore there was no "tenant in possession." The statute gives the execution purchaser the right to receive the rents if a tenant is in possession, or the value of the use and occupation if a tenant is not in possession. This he can collect, and because this right inures to all lien-holders, he must account to a redemptioner for such value.

On the question as to know what construction has been placed upon the language "the tenant in possession," we refer to cases of *Harris* v. *Reynolds,* 13 Cal. 514, 517, 73 Am. Dec. 600, and of *Walker* v. *McCusker,* 71 Cal. 594, 12 Pac. 723.

It is apparent from these decisions and others which are cited in volume 8 Words and Phrases, under the heading of "Tenant," that the defendant company, or Becker, and probably both, are to be regarded as tenants in possession.

It is claimed that the suit should have been instituted against Becker. The statute is conclusive upon the matter. The only person entitled to receive from the tenant in possession, —that is, from Becker,—the value of the use and occupation, or the rental in cases where the person in possession occupies under a lease, is the purchaser at the execution sale. In this case the defendant company is the purchaser, the plaintiff is the redemptioner and Becker the tenant in possession as to the defendant for the purposes of this action. The language of the statute is: "The purchaser from the time of the sale until a redemption, and the redemptioner, from the time of the redemption, is entitled to receive, *etc.*" When the "purchaser or his or their assigns" have received rents or profits, that is, have been in possession of the property or have re-

ceived rents from a tenant under lease, he or they must account to the redemptioner in an action such as the present. The redemptioner has no right to bring the action against the tenant, for that right inures to the benefit of the purchaser. The right of the redemptioner is one against the purchaser for an accounting.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1916 the Western Loan & Building Company held a mortgage upon lot 4, block 2, first addition to the town of Hardin, in Big Horn county, and in an action to foreclose the mortgage such proceedings were had that a decree was duly given and made and thereunder the sheriff sold the property on June 4, 1917, and issued his certificate of sale to the loan company, the purchaser. O. M. Solso held a second mortgage upon the same property and in foreclosure proceedings secured a decree under which the sheriff sold the property to Solso on November 17, 1917, and issued to him a certificate of sale. On February 18, 1918, Solso sold, assigned and transferred his certificate to the Citizens' National Bank of Laurel. On April 30, 1918, the bank gave notice of redemption from the first sale and tendered to the sheriff the full amount due. On May 4, 1918, the bank made demand in writing upon the loan company for a verified statement of the amount of rents and profits received by it from June 4, 1917, and the loan company having failed for more than a month to furnish the statement, this action for an accounting was instituted.

After the pleadings were settled, the parties submitted the controversy upon an agreed statement of facts which embraces the foregoing facts and, in addition thereto, the following: After the loan company received its certificate of sale from the sheriff, and on July 21, 1917, it entered into a contract with Mrs. A. Becker by the terms of which it agreed to sell lot 4 to her (provided there was not any redemption) for $1,000, payable $100 in cash and the balance in monthly in-

stallments.. The contract provided further that the legal title and right of possession should remain in the loan company until the full purchase price should be paid; that time should be deemed to be of the essence of the contract, and upon failure of Mrs. Becker to make any payment as provided, the loan company might declare the contract forfeited and retain all payments made as liquidated damages. It was provided further that if there should be a redemption, the loan company would refund to Mrs. Becker "all sums theretofore paid * * * upon the purchase price in excess of interest at the rate of twelve per cent per annum." It was provided further that Mrs. Becker should have possession of the property on July 23, 1917, and it is agreed that she took possession on that day "and has continuously since been in possession thereof and has received the rents and profits therefrom." A copy of the contract, the decree of foreclosure in the Solso case, the sheriff's certificate of sale issued to Solso, the written demand made by the bank upon the loan company, and certain letters written by the loan company to Mrs. Becker, were attached to and made a part of the agreed statement. Upon this record the trial court found for plaintiff, and from the judgment entered upon the findings defendant appealed.

This action is brought under section 6843, Revised Codes of 1907 (sec. 9448, Rev. Codes 1921), which provides: "The purchaser, from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold preceding such redemption, the amount of such rents and profits shall be a credit upon the redemption money to be paid; and if the redemptioner or judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor, or his assigns, a written and

verified statement of the amount of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is given by such purchaser or his assigns to such redemptioner or debtor. If such purchaser or his assigns shall, for a period of one month from and after such demand, fail or refuse to give such statement, such redemptioner or debtor may bring an action in any court of competent jurisdiction, to compel an accounting and disclosure of such rents and profits, and until fifteen days from and after the final determination of such action, the right of redemption is extended to such redemptioner or debtor."

1. Under section 9441, Revised Codes of 1921, the purchaser **[1, 2]** at an execution or foreclosure sale is substituted to and acquires the right, title and interest of the judgment debtor in the property sold (*Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717; *Banking Corporation* v. *Hein,* 52 Mont. 238, 156 Pac. 1085; *Power Mercantile Co.* v. *Moore Mercantile Co.,* 55 Mont. 401, 177 Pac. 406), leaving in the judgment debtor only the bare right to redeem (*McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561), and the certificate of sale issued by the sheriff is a conveyance within the meaning of the Recording Act (*Duff* v. *Randall,* 116 Cal. 226, 58 Am. St. Rep. 158, 48 Pac. 66). These principles are now settled beyond controversy.

It is the contention of the loan company that it assigned **[3]** its interest to Mrs. Becker, and that if plaintiff has a cause of action, it is against Mrs. Becker and not against the loan company, but an assignment would have carried with it all the interest acquired by the loan company by virtue of its purchase at the foreclosure sale. (5 C. J. 836.) That the loan company never intended to make such a conveyance is manifest. Its contract with Mrs. Becker provides specifically that neither its title nor right of possession in the property passed to Mrs. Becker, hence the contention that Mrs. Becker became substituted for the loan company is without merit.

2. Although the statute above employs the phrase "tenant [4] in possession," the word "tenant" is not used in the restricted sense as having reference only to the relation of landlord and tenant within the technical meaning of those terms; on the contrary, it is employed as a generic term to indicate one who holds possession of lands or tenements by any kind of title, either in fee, for life, for years, at will, or upon sufferance. (*Powers* v. *Ingraham,* 3 Barb. (N. Y.) 576; *Harris* v. *Reynolds,* 13 Cal. 514, 73 Am. Dec. 600; *Walker* v. *McCusker,* 71 Cal. 594, 12 Pac. 723; *Whithed* v. *St. Anthony & D. Elev. Co.,* 9 N. D. 224, 81 Am. St. Rep. 562, 50 L. R. A. 254, 83 N. W. 238; 8 Words and Phrases, 6904, 6909.) In *Power Mercantile Co.* v. *Moore Mercantile Co.,* above, this court indicated the view, without directly passing upon the question, [5] that the purchaser at execution or foreclosure sale is, as against the judgment debtor, entitled to possession during the period of redemption, and we are satisfied that the view thus indicated interprets correctly the provisions of our statute, and added emphasis is given to that interpretation by the fact that in 1921 the legislature enacted Chapter 230, Laws of 1921, now section 9449, Revised Codes of 1921, which makes an exception in favor of the execution debtor who personally occupies the premises as a home for himself and family. The proceedings in this action were taken prior to the enactment of that statute and are governed by the general rule adverted to above. Mrs. Becker, and not the loan company, was in actual possession after July 23, 1917. She was given possession by the loan company and held subject to its title and is to be deemed a tenant in possession within the meaning of our statute. (See, also, *Lightbody* v. *Truelsen,* 39 Minn. 310, 40 N. W. 67.)

That the loan company was required to account to the bank [6] cannot be questioned seriously. The only phase of the controversy which presents any difficulty is suggested by the inquiry: For what must it account? Under the express terms of the statute (section 9448, above) it was entitled to receive

"the rents of the property" or "the value of the use and occupation thereof," but only rents or profits actually received by the loan company could be credited upon the redemption money to be paid by the bank. *Ita lex scripta est.* Certainly this is the plain intent of the statute in the absence of any showing of willful default or negligence on the part of the loan company. (2 Jones on Mortgages, 7th ed., sec. 1123; *Murdock* v. *Clarke,* 90 Cal. 427, 27 Pac. 275.) It is only for such rents or profits thus received that the bank was authorized to demand an accounting either by notice or by this suit in equity. It is stipulated in the agreed statement that the only moneys received by the loan company were "one hundred dollars cash down and the monthly payments of twelve dollars per month from and after the 21st day of August, 1917." It is stipulated further: "That the value of the use and occupation of said property has been, during all times since the first day of August, 1917, the sum of $26 per month."

In its decree the trial court declared: "That the plaintiff [bank] is entitled to an accounting from the defendant [loan company] for the rentals derived from said property beginning with the month of August, 1917, to June, 1919, at $26 per month," or $572. The profits actually derived by the loan company from the property amounted to only $364, and in charging it with the larger amount, the court erred.

There is a suggestion in the brief of counsel for the loan company that it received only $148, and though in its letter to Mrs. Becker dated April 11, 1918, it notified her that her contract had been forfeited for nonpayment of monthly installments, in the later letters of April 25 and 26 it apparently acknowledged the receipt of the payments which had been in arrears, and this must be so, for in the agreed statement it is stipulated that it did receive the $100 paid at the time the contract was entered into and $12 per month from and after August 21, 1917. The order denying a new trial is affirmed.

The cause is remanded, with directions to the district court to modify the judgment as of the date of its rendition by reducing the amount for which the defendant loan company must account, from $572 to $364, and as thus modified it will stand affirmed. Each party will pay its own costs of appeal.

*Modified and affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN, and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.