[Civ. No. 14621. Second Dist., Div. Two. Nov. 22. 1944.]

FREDERIC H. BESSINGER, Respondent, v. MYRTLE A. GROTZ, Appellant.

James R. Jaffray and Don Lake for Appellant.

Robert N. Baker, Bailie, Turner & Lake and Allen T. Lynch for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff, after trial before the court without a jury, in an action pursuant to the provisions of section 707 of the Code of Civil Procedure* to compel an accounting for rents and profits received during the redemption period by the judgment creditor, defendant appeals.

The undisputed facts are:

On December 28, 1937, defendant purchased at a commissioner's sale, held pursuant to a decree of foreclosure, a parcel of real estate owned by plaintiff. On January 14, 1938, defendant entered into a contract whereby he agreed to sell and convey to persons then occupying the property the parcel of real estate which he had purchased. The purchase price was $2,898.14; $298.14 payable in cash, and the balance in monthly installments of $75, commencing on January 1, 1938. On November 16, 1938, plaintiff demanded in writing that defendant furnish him a verified written statement showing the amount he had received in rents and profits from the property which he had purchased at the foreclosure sale. This statement was never furnished and the present action was instituted pursuant to the provisions of section 707 of the Code of Civil Procedure.

---

*Section 707 of the Code of Civil Procedure reads thus:

"Rents and profits. The purchaser from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption-money to be paid; and if the redemptioner or judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor, or his assigns, a written and verified statement of the amounts of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is given by such purchaser or his assigns, to such redemptioner or debtor. If such purchaser or his assigns shall, for a period of one month from and after such demand, fail or refuse to give such statement, such redemptioner or debtor may bring an action in any court of competent jurisdiction, to compel an accounting and disclosure of such rents and profits, and until fifteen days from and after the final determination of such action, the right of redemption is extended to such redemptioner or debtor."

On December 30, 1938, a commissioner's deed to the property was delivered to defendant.

The trial resulted in a judgment that plaintiff had the right to redeem the property which had been sold by paying defendant $112.40. Defendant refused to accept the $112.40 tendered to him by plaintiff.

There are two questions necessary for us to determine which will be stated and answered hereunder seriatim:

■ First: *Were the purchasers of the foreclosed property from defendant "tenants" within the meaning of section 707 of the Code of Civil Procedure, wherein it is provided that "if the redemptioner or judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor, or his assigns, a written and verified statement of" the amount of rents and profits received from tenants in possession during the period of redemption, the period for redemption is extended until five days after such sworn statement is given by the purchaser or his assigns to the redemptioner or debtor?*

This question must be answered in the affirmative and is governed by this rule:

In an action to redeem from a purchaser of real property at a foreclosure sale, a vendee of such purchaser in possession during the period of redemption is a *tenant* within the meaning of the word as used in section 707 of the Code of Civil Procedure. The word *tenant* as used in section 707 is not used in the specific sense, as referring to the relation of landlord and tenant, but is employed in its generic sense, indicating one who holds possession of land by any kind of title. (*Citizens' Nat. Bank* v. *Western Loan & Building Co.,* 64 Mont. 40 [208 P. 893, 894]; also *Walker* v. *McCusker,* 71 Cal. 594, 596 et seq. [12 P. 723]; *Harris* v. *Reynolds,* 13 Cal. 514, 515, 517 [73 Am.Dec. 600].)

Applying the foregoing rule to the facts in the instant case, the trial court properly held that the sums received by defendant from his vendee during the period of redemption constituted rents and profits received from a *tenant* in possession, and that therefore defendant should have furnished plaintiff with a verified statement of the amount of the same.

■ Second: *Was the commissioner's deed delivered to defendant on December 30, 1938, void?*

This question must likewise be answered in the affirmative

and is governed by the rule that a sheriff or commissioner's deed delivered before the period for redemption has expired is void. (*Perham* v. *Kuper*, 61 Cal. 331, 332; *Hall* v. *Yoell*, 45 Cal. 584, 588; *Moore* v. *Martin*, 38 Cal. 428, 438; *Gross* v. *Fowler*, 21 Cal. 392, 396.)

Since in the present case the judgment creditor did not deliver to the judgment debtor a verified statement as required by section 707 of the Code of Civil Procedure, the period of redemption was extended until 15 days beyond the final determination of the instant cause. The present action not having yet become final, the time for redemption has not yet expired and the commissioner's deed was prematurely issued to defendant and therefore void.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied December 15, 1944, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1945.