440 P.2d 352

**GEM VALLEY RANCHES, INC., a corporation, Plaintiff-Respondent,**

v.

**James SMALL and Ruth Small, husband and wife, Defendants, Third-Party Plaintiffs, and Appellants,**

v.

**SECURITY TITLE INSURANCE CO., a corporation, A. W. Moulton, its President, A. W. Moulton, in his individual capacity, and Harold J. Pitkin, Third-Party Defendants.**

No. 10069.

Supreme Court of Idaho.

March 28, 1968.

As Modified on Denial of Rehearing May 15, 1968.

William R. Padgett, Meridian, for appellants.

Eberle & Berlin, Boise, for appellee.

McFADDEN, Justice.

James Small and his wife, Ruth Small, appellants, have appealed from an order of the district court which modified an order to show cause issued subsequent to a sheriff's sale of mortgaged real property.

This appeal involves the same property before this court in Gem Valley Ranches, Inc. v. Small, 90 Idaho 354, 411 P.2d 943 (1966). Therein, this court affirmed the decree of the district court which held that a certain transaction between Gem Valley Ranches, Inc., and the Smalls was a mortgage, and established the amount due on the mortgage. However, this court reversed that portion of the judgment granting strict foreclosure, and instructed the trial court to enter judgment providing for foreclosure and sale as provided by I.C. Title 6, Chapter 1, and Title 11, Chapters 3 and 4.

Following remand the trial court entered a supplemental judgment and decree of foreclosure on April 1, 1966. Therein the debt due by the Smalls to Gem Valley Ranches, Inc., was fixed as $310,698.43, and the sheriff was directed to sell the property in satisfaction of that obligation.

Sale took place on April 28, 1966, pursuant to the order and respondent Gem Valley Ranches, Inc., the judgment creditor, was the purchaser at the sale. During the period of the year redemption could be made, respondent filed with the court and served upon appellants two certificates showing additional expenditures made, rentals received, and computation of interest accrued. The first certificate, filed April 10, 1967, set forth as of that date after crediting rentals, that the amount of the judgment with accrued interest was $371,509.76; the second certificate, filed April 25, 1967, showed additional expenditures, with accrued interest to April 21, 1967, which brought the total due to be $373,382.78, with interest accruing thereafter in the amount of $77.23 per day.

On April 28, 1967 (the last day of the redemption period), appellants demanded an accounting of the rents and profits, which demand recited it was made pursuant to the provisions of I.C. § 11-407. On May 3, 1967, an accounting was filed by respondent, and respondent moved for an ex parte order of conveyance of the property. The motion was granted the day

it was filed, and the court ordered delivery of a deed by the sheriff unless redemption was made. I.C. § 11-407 provides, among other things, that upon filing of an accounting, the date of redemption is extended by five days, which made May 8, 1967, the final date for redemption.

On May 8, 1967, appellants filed a motion for an order to show cause why the redemption date should not be extended. In support of the motion, appellants filed an affidavit alleging that the accounting of the rents and profits was not correct; that the certificates of expense previously filed by respondent were not correct; that respondent had interfered with appellants' right to redeem; and that respondent was guilty of waste.

Order to show cause and a temporary restraining order was issued, holding the cause in abeyance until May 18, 1967, or further order of the court. Respondent moved to quash this order. Hearing was held May 15, 1967, and respondent's motion to quash was denied, but the order to show cause was amended. The amended order to show cause dated May 15, 1967, provided that appellants had until 5:00 p. m., May 16, 1967, to redeem the property with the amount for redemption being fixed at $375,236.30; that redemption could be effected by paying respondent $365,236.30 and depositing with the court $10,000.00 to be held pending determination of certain disputed items. The order then provided that if appellants paid the sums fixed as necessary to redeem, the respondent would be required to submit itemized accounts, with five days thereafter within which appellants could object. Pending outcome of any items objected to, the $10,000.00 to be held by the court would be disbursed either to the appellants or respondent as the case may be. The order also provided in the event of a failure to redeem by 5:00 p. m. on May 16, 1967, the sheriff was to issue a deed to the properties sold at the sheriff's sale. Notice of appeal from this order was prepared and served the same day and filed May 17, 1967.

The appellants never tendered any amount in redemption of the property. The appellants' specifications of error are:

1. The court erred in failing to order a proper accounting prior to the redemption.

2. The court erred in awarding accountant and attorney fees.

3. The court erred in allowing credit of $10,000.00 as rent.

In answer to these specifications of error, it is to be pointed out that no appeal was taken from the supplemental judgment entered subsequent to remand this court. The judgment did not break down the component parts of the total sum by way of amount due on the principal sum, the amount due for attorney's fees, etc., but entered only one sum for and as a total sum to be paid from the proceeds of the sheriff's sale. Upon respondent purchasing the property at sheriff's sale, it became substituted to and acquired all right, title, claim and interest of appellants in the property, subject to the right of redemption. Keel v. Vinyard, 48 Idaho 49, 279 P. 420 (1929); Steinour v. Oakley State Bank, 45 Idaho 472, 262 P. 1052 (1928). Unless a redemption is effecutated by the judgment debtor or redemptioner, the purchaser is entitled to all the rents, profits and income during the period of redemption. I.C. § 11–407. Northwestern & Pac. Hypotheek Bank v. Dalton, 44 Idaho 120, 256 P. 93 (1927). Should a redemption be made, however, the amount of rents and profits "shall be a credit upon the redemption money to be paid * * *." I.C. § 11–407.

Appellants assert they could not determine the amount to be paid for redemption without determination of the amount of moneys received as rentals on the property. This proposition ignores the basic concept of redemption after mortgage foreclosure and sale of the property. The amount needed to redeem the property is fixed in the first instance by the amount bid at the sheriff's sale, plus interest and additional expenses, and amounts paid on "any assessment or taxes which the purchaser may have paid thereon after the commencement of the action and which are not included in the judgment * * *." I.C. § 11–402. Credit is given for rents and profits received by the purchaser during the period of redemption. I.C. § 11–407. The statutes involved require the judgment debtor or redemptioner to pay the purchaser the amount of the purchase with the adjustments recognized. I.C. § 11–402. The right to demand a statement of rents and profits by the judgment debtor or redemptioner is spelled out by I.C. § 11–407, and upon such demand being made, the period for redemption is extended for five days after the filing of the accounting. The mortgagor in effect has no other rights in the property until such time as a valid tender or payment has been made. Kelley v. Clark, 23 Idaho 1, 129 P. 921 (1912).

In the instant case, appellants contend they are entitled to a full and complete accounting without the necessity of making a redemption. Appellants in complaining of the trial court's failure to order a full accounting are asking the court to exercise its equity powers, yet they refuse to recognize the necessity of themselves also doing equity by making a payment of the amount due to redeem, or in the alternative, to make a valid subsisting tender. Kelley v. Clark, supra. Machold v. Farnan, 20 Idaho 80, 117 P. 408 (1911). In the instant case, the court fixed the amount needed for redemption— $375,236.30, of which sum $365,236.30 was to be paid to the purchaser—the respondent —and the remaining $10,000.00 deposited into court to be disbursed after issues complained of were settled by subsequent proceedings. It is our conclusion that the trial court did not err in this order, primarily for the reason that appellants failed to make the required payment or make a valid subsisting tender of the sums required.

As concerns the award of accountant's and attorney's fees, it is to be re-

called that the supplemental judgment did not itemize or specify any sum as attorney's fees. The only mention of accountant's and attorney's fees comes in the trial court's order appealed from and that had reference to an allowance for such fees incurred after May 2, 1967.

Appellants claim that I.C. § 11–402 prohibits the allowance of attorney's fees unless "actually paid by the judgment creditor or which the judgment creditor has by written instrument become unconditionally obligated to pay to his attorney for prosecuting his claim to judgment * * *." I.C. § 11–402. However, appellant overlooks the fact that the above-quoted section of I.C. § 11–402 is prefaced by the following statement: "provided, in mortgage foreclosure proceedings, the amount necessary to redeem the property sold under execution shall not include any sum for attorney's fees greater than the fee actually paid," etc.

The amended order provided for fees incurred subsequent to May 2, 1967, which were incurred by reason of the motion and any subsequent accountings. Such fees were not included in "the amount necessary to redeem the property sold under execution * * *" (I.C. § 11–402), and hence there was no necessity for complying with that section. The trial court did not err in this regard.

The last specification of error is without merit. Appellants claim the court erred in allowing a credit of $10,000.00 as rent. On the face of it, appellants are claiming the court erred in giving them the benefit of the payment. Even if it be assumed that appellants inferred that the court erred in allowing only $10,000.00, credit, there still is no merit to the specification of error. Until a redemption or valid tender was made of the amounts due, appellants had only a contingent interest in the property. If the valid tender or payment was made, their interest in the property would have been restored, and then they would be in a position to complain.

The order of the trial court is affirmed. Costs to respondent.

SMITH, C. J., and TAYLOR, McQUADE, and SPEAR, JJ., concur.