481 P.2d 294

**Jean WOOD, an unmarried woman, Appellant,**

**v.**

**Garold WILSON, Executor of the Estate of Carroll V. Wilson, Sr., and Waldon Burr, Pima County Sheriff, Appellees.**

**2 CA–CIV 852.**

Court of Appeals of Arizona, Division 2.

March 2, 1971.

Opinion on Rehearing April 15, 1971.

See 14 Ariz.App. 332, 483 P.2d 564.

Delane C. Carpenter, Executive Director, Legal Aid Society by J. Emery Barker, Tucson, for appellant.

Joseph H. Riley, Tucson, for appellee Garold Wilson.

Rose Silver, Pima County Atty. by John R. Neubauer, Chief Civil Deputy, Tucson, for appellee Waldon Burr.

HATHAWAY, Judge.

The appellant, Jean Wood, a single woman, owned a parcel of real property located in Pima County. On December 15, 1965, she executed and delivered her promissory note to one Carroll V. Wilson in the amount of $2,597.48, payable in monthly installments of $50, including principal and interest. The note was secured by a realty mortgage on the aforementioned property. Carroll V. Wilson died, and on July 7, 1967, the appellee, Garold Wilson, was appointed Executor of the estate.

On July 21, 1967, the appellant sold the property, subject to the Wilson mortgage, to Anton and Grace Kaczmarek, husband and wife. The contract called for monthly payments of $65. $50 of these payments were to be applied on the Wilson first mortgage payments, and the $15 balance credited to appellant's account. The Kaczmareks fell in arrears on their payments and on January 22, 1968, the appellee, Garold Wilson, refused to accept further payments unless the mortgage was paid in full.

On January 25, 1968, the appellant tendered $100 as payment for December, 1967, and January 1968. In February, 1968, the appellant tendered an additional $100 as payment for February and March, 1968. These payments were refused and returned to the appellant on February 12th and 13th, 1968.

On February 21, 1968, the appellee filed a complaint in foreclosure alleging nonpayment for December, 1967, and January, 1968. A default judgment was taken against the appellant on March 25, 1968, and against the Kaczmareks on August 27, 1968. On August 30, 1968, Jean Wood, the appellant, filed a complaint for forfeiture of contract against the Kaczmareks and on March 10, 1968, received a judgment in her favor.

Garold Wilson was issued a writ of execution on September 25, 1968, and bought the property at sale on October 21, 1968, for $2,166.73. In December, 1968, he took possession of the property and on December 12, 1968, his daughter and son-in-law were allowed to live on the property. According to appellant this was rent free while Wilson maintained it was for the prevention of vandalism. Appellant in writing and by phone gave notice of intent to redeem and demanded an accounting of rents and profits on April 3, 1969. Receiving no answer, appellant again filed a demand for accounting of rents and profits on April 16, 1969. Wilson received this demand on April 18, 1969. On April 22, 1969 he applied for and received from the Pima County Sheriff a deed to the property. Finally on June 5, 1969, appellant received from Wilson an accounting for rents and profits which appellant has labeled inaccurate and a sham. This action was then filed by appellant on June 10, 1969, against the Pima County Sheriff for wrongfully issuing the deed and against Wilson challenging the accuracy of the accounting for rents and profits. The lower court ruled against appellant as to both appellees.

Appellant claims that certain of the redemption statutes are void for vagueness, that the redemption period was extended by a request for accounting of rents and profits, that the reply to this request was a sham, and that the period of redemption is still running. We do not reach any of these questions because before appellant was entitled to an accounting for rents and profits, it was incumbent upon her to tender to the purchaser the purchase price plus 8% and any assessment or taxes purchaser has paid plus interest as required by A.R.S. § 12–1285. Gem Valley Ranches, Inc. v. Small, 92 Idaho 232, 440 P.2d 352 (1968). Idaho has redemption statutes very similar to ours and their supreme court in Gem Valley Ranches, Inc., supra, states that before redemptioner is entitled to such an accounting in a court of equity, he must do equity himself "by making a payment of the amount due to redeem, or in the alternative, to make a valid subsisting tender." To extend the redemption period, there must be a request for an accounting of rents and profits, A.R.S. § 12–1288; to be entitled to this accounting, payment or tender must be made, Gem Valley Ranches, Inc., supra.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.