483 P.2d 564

**Jean WOOD, an unmarried woman, Appellant,**

v.

**Garold WILSON, Executor of the Estate of Carroll V. Wilson, Sr., and Waldon Burr, Pima County Sheriff, Appellees.**

**No. 2 CA–CIV 852.**

Court of Appeals of Arizona, Division 2.

April 15, 1971.

Delane C. Carpenter, Executive Director, Legal Aid Society by J. Emery Barker, Tucson, for appellant.

Joseph H. Riley, Tucson, for appellee Garold Wilson.

Rose Silver, Pima County Atty., by John R. Neubauer, Chief Civil Deputy, Tucson, for appellee Waldon Burr.

HATHAWAY, Judge.

No opposition was filed to appellant's motion for rehearing in Wood v. Wilson reported at 14 Ariz.App. 123, 481 P.2d 294 (filed March 2, 1971), and there appearing to be good grounds for the motion, rehearing is granted. We relied on Gem Valley Ranches, Inc. v. Small, 92 Idaho 232, 440 P.2d 352 (1968) in ruling that before a debtor trying to redeem

property sold at a foreclosure sale can demand an accounting for rents and profits as allowed under A.R.S. § 12–1288, the debtor must tender payment to the holder of the property.

■ Appellant's analysis of Gem Valley Ranches, supra, in her motion for rehearing, convinces us that we incorrectly applied that case in the matter before us. Bessinger v. Grotz, 66 Cal.App.2d 947, 153 P.2d 369 (1944); House v. Lala, 214 Cal. App.2d 238, 29 Cal.Rptr. 450 (1963); and Petersen v. Jurras, 2 Cal.2d 253, 40 P.2d 257 (1935) are cited in the motion by appellant for the proposition that a tender is not required before an accounting can be demanded. Upon careful reading of these cases, we have concluded that they are not helpful in determining the question of whether tender is required before a demand for accounting can be made. However, we do believe that Wilson v. Crimmins, 172 Or. 616, 143 P.2d 665 (1943) is determinative of the question. The Oregon statutes are silent on the requirement of tender as are Arizona's statutes. In Wilson, supra, 143 P.2d at pp. 667–668, the court stated:

"The statute is silent on the subject of a tender, though it may be that when the amount required to redeem is certain and liquidated a tender is essential. But that was not the case here, and the authorities support the view that, where the person from whom a redemption is sought has been in possession of the land and an accounting is necessary by virtue of his receipt of rents and profits, a tender by the redemptioner, before bringing a proceeding to redeem, is unnecessary, and that it is sufficient to plead a willingness to pay the amount found proper to be paid to the purchaser." 3 Wiltsie on Mortgages, 5th Ed., 1835; § 1216; 42 C.J., Mortgages 405, § 2200.

We therefore hold that a redemptioner need not tender payment before he is entitled to an accounting of rents and profits as provided under A.R.S. § 12–1288.

The property in question was purchased by appellee at sale on October 21, 1968. Appellant had six months—until April 21, 1969—to redeem the property. A.R.S § 12–1282. Notice of intent to redeem and demand for an accounting of rents and profits were made in writing to appellee on April 3, 1969. Having received no answer, further demand for an accounting was made on April 16, 1969, and received by appellee on April 18, 1969. On April 22, 1969, appellee applied for and received a deed to the property from the Sheriff and did not reply to the demand for accounting until June 5, 1969. The accuracy of this reply was challenged on June 10, 1969.

■ Appellant's demand for an accounting extended the redemption period until 5 days after a sworn reply was given to such demand. A.R.S. § 12–1288, subsec. B. Appellee's failure to reply within one month after the demand gave appellant a right to bring an action to compel the accounting and extended the period for redemption until 15 days after final determination of the action. On June 10th, suit was filed to compel accounting for rents-profits. Therefore the period for redemption is still running and will end 15 days after final determination of the action to compel accounting. The deed issued by the Sheriff to appellee on April 22, 1969, is void. Bessinger v. Grotz, supra.

In view of the disposition required in this matter, we deem it unnecessary to consider other questions appellant raises.

Reversed and remanded.

KRUCKER, C. J., and HOWARD, J., concur.