Filed 1/22/21  P. v. Townsend CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073612 |
| v. | (Super.Ct.No. RIF1602638) |
| ROBERT JAMES TOWNSEND, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Helen S. Irza and Cathryn L. Rosciam, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

1

After a bench trial, Robert James Townsend was convicted of numerous counts of possessing firearms and ammunition by a convicted felon, along with various drug offenses. He was sentenced to three years of probation.

On appeal, Townsend argues that his felon in possession of firearms and ammunition convictions should be reversed because his plea of guilty to a felony in Texas that resulted in a deferred adjudication of guilt does not constitute a conviction. If we reverse those convictions, he asks that we also reverse the order requiring him to destroy his firearms. He further contends that his conviction for simple possession of methamphetamine should be reversed because it is a necessarily included lesser offense of possession of a controlled substance while armed. We affirm.

BACKGROUND

A.    *Present Offenses*

In March 2016, Townsend permitted deputies from the Riverside County Sheriff's Department to enter his residence to perform what one deputy described as a "safety search." During that search, deputies discovered in plain view methamphetamine, several unloaded firearms, and some ammunition. After the "safety search," Townsend told one of the deputies that he was on probation. Deputies then conducted a "probation check" of the residence and additionally discovered two loaded firearms, individually packaged marijuana, marijuana plants, and drug paraphernalia. Various charges stemming from both searches were filed against Townsend.

Townsend waived his right to a jury trial. He was convicted of five counts of possession of a firearm by a convicted person (Former Pen. Code, § 29800, subd. (a); counts 3-7; further statutory citations are to this code) and one count each of possession of ammunition by a prohibited person (§ 30305, subd. (a); count 2), possession of a controlled substance while armed (Health & Saf. Code, § 11370.1, subd. (a); count 1), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 9), and possession of marijuana for sale (Health & Saf. Code, § 11359; count 10). For purposes of the felon-in-possession convictions, the court found that Townsend suffered a prior felony conviction in Texas. Townsend was sentenced to three years' probation and ordered to relinquish his firearms.

B.    *The Texas Prior*

In June 2010, Townsend was charged in Texas with money laundering between $100,000 and $200,000, a second degree felony. (Former Tex. Pen. Code, § 34.02, subd. (e)(3).) In September 2010, he waived his right to a trial (among other rights) and entered a plea of guilty to the offense, which the Texas court then approved and accepted. The court questioned Townsend about the factual basis for his plea, and Townsend admitted that all of the allegations in the indictment were true. The court found there to be sufficient evidence to support a finding of guilt on the money laundering offense as alleged in the indictment. The court deferred adjudication of guilt and placed Townsend on six years of community supervision. Included within the terms of that community

3

supervision were prohibitions against possessing any firearms or nonprescription controlled substances and committing offenses against the laws of any other state.

In September 2016, the State of Texas moved to discharge Townsend from community supervision, which the court granted. The Texas court discharged Townsend "from all terms and conditions of Community Supervision as set forth in the court's judgment in this cause," and further ordered that the discharge order "shall not in any manner affect the finality of the Judgment of Conviction heretofore entered in this cause."

DISCUSSION

A.  *Prior Conviction*

Townsend argues that his guilty plea to a felony in Texas does not constitute a conviction under the felon-in-possession statute because adjudication was deferred. We disagree.

When Townsend committed the present offenses, section 29800 provided that "[a]ny person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country, . . . who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony."[1]  (Former § 29800, subd. (a)(1).)  Any person who is prohibited from possessing a firearm under section 29800, subdivision (a)(1), also cannot "own, possess, or have

---

[1]     In 2017, section 29800 was amended to add that any person who has an outstanding warrant for a felony offense also is prohibited from possessing a firearm. (§ 29800, subd. (a)(1); Stats. 2017, ch. 17, § 44, eff. June 27, 2017.)

4

under [his or her] custody or control, any ammunition or reloaded ammunition." (§ 30305, subd. (a)(1).)

Townsend does not deny that when he committed the offenses in this case he was on deferred adjudication community supervision in Texas after having pled guilty to felony money laundering. He was not discharged from that community supervision until September 2016—six months after he committed the present offenses. Townsend's felony conviction status *after* he committed the present offenses is not relevant to his status as a convicted felon under the felon-in-possession statute. Instead, we look to Townsend's status when he committed the present offenses. (*People v. Gilbreth* (2007) 156 Cal.App.4th 53, 58 [when underlying offense occurred the defendant had a prior misdemeanor conviction because the California felony conviction had been reduced to a misdemeanor upon successful completion of probation]; *People v. Lewis* (2008) 164 Cal.App.4th 533, 536 [same under Oregon law].) We express no opinion about what effect the discharge would have had on the determination of Townsend's guilt or innocence had it occurred before the present offenses were committed. Instead, we must determine whether Townsend's guilty plea to a felony in Texas that resulted in deferred adjudication constitutes a conviction under California's felon-in-possession statute.

More than 100 years of precedent establish "the general California rule that '"A plea of guilty constitutes a conviction." [Citation.]' (*People v. Banks* (1959) 53 Cal.2d 370, 390–391[, superseded by statute on another ground as stated in *People v. Park* (2013) 56 Cal.4th 788, 791-793].)" (*People v. Laino* (2004) 32 Cal.4th 878, 895 (*Laino*);

5

see *People v. Goldstein* (1867) 32 Cal. 432, 433; *People v. Castello* (1998) 65 Cal.App.4th 1242, 1253 [collecting cases, including *Ex parte Brown* (1885) 68 Cal. 176, 179, 183].) "'Indeed, it is settled that for purposes of a prior conviction statute, a conviction occurs at the time of entry of the guilty plea.'" (*Laino*, *supra*, at pp. 895-896.) That settled rule (which encompasses both guilty pleas and guilty verdicts) applies not only to statutes providing for sentence enhancements for repeat offenders (*id.* at p. 896 [Three Strikes law]; *People v. Johnson* (1989) 210 Cal.App.3d 316, 324-325 [section 667 enhancements before the Three Strikes law]) but also to the use of a prior felony conviction as an aggravating factor in determining application of the death penalty (*People v. Balderas* (1985) 41 Cal.3d 144, 201-203) and to a (now-repealed) state constitutional provision prohibiting convicted felons from voting (*Stephens v. Toomey* (1959) 51 Cal.2d 864, 869). One reason for the rule is that "'[a] guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction.'" (*People v. Jones* (1995) 10 Cal.4th 1102, 1109, disapproved on another ground in *In re Chavez* (2003) 30 Cal.4th 643, 656.)

We assume that the Legislature was aware of the judicial interpretation of the word "convicted" when it first enacted the felon-in-possession statute in 1923 (see *People v. King* (1978) 22 Cal.3d 12, 21) and substantially revised it in 2010 (Stats. 2010, ch. 711 § 6, operative Jan. 1, 2012). (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 588.) Absent any limiting language or a contrary definition, we assume that the Legislature intended the term "convicted" in the felon-in-possession statute to carry its ordinary legal

6

meaning under California law. (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 19 ["when a word used in a statute has a well-established *legal* meaning, it will be given that meaning in construing the statute"]; *Harris v. Reynolds* (1859) 13 Cal. 514, 518.) That construction also avoids the absurd result that a person who pled guilty to a felony in another state, received deferred adjudication, and was in the deferral period would suffer all of the other adverse consequences under California law of being a convicted felon but would not be prohibited from possessing firearms under California law. We must interpret the statute to avoid such absurdities. (*In re Eric J.* (1979) 25 Cal.3d 522, 537.)

Townsend argues that we should depart from that rule here, but his arguments are not persuasive. He points out that the language of the felon-in-possession statute differs from the language of the Three Strikes law: Section 29800, subdivision (a)(1), applies to "[a]ny person who has been convicted of a felony under the laws of . . . any other state," but the Three Strikes law applies to "[a] prior conviction in another jurisdiction" (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2)). Townsend concludes that the reference to the laws of the other state compels the conclusion that we should apply Texas law, rather than the general California rule, to determine whether his guilty plea in Texas constitutes a conviction within the meaning of section 29800.

We find the argument unpersuasive for at least two reasons. First, we do not believe we can accord much significance to the distinction between a conviction *in* Texas and a conviction *under the laws of* Texas—the different formulations appear to be merely two ways of saying the same thing. Second, as we have already noted, the longstanding

7

and well-established California rule applies to prior conviction statutes generally, not just to the Three Strikes law. Thus, even if we agreed that section 29800 is materially distinguishable from the Three Strikes law, that still would not give us reason to depart from the general rule that a guilty plea constitutes a conviction for purposes of prior conviction statutes in California. (See *Woods v. Young* (1991) 53 Cal.3d 315, 323 ["'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible'"].)

Under *Laino*, all that remains is to determine whether Townsend's Texas guilty plea constitutes a guilty plea for purposes of California's general rule that a guilty plea is a conviction within the meaning of prior conviction statutes. (*Laino*, *supra*, 32 Cal.4th at p. 898.) We conclude that it does. As in *Laino*, (1) Townsend waived his right to a trial, (2) he entered a plea of guilty to a felony, (3) a judge questioned Townsend about that plea, (4) the judge found that there was a factual basis for the plea, and (5) the judge accepted the plea but deferred judgment of guilt and placed Townsend on community supervision. (*Id.* at pp. 898, 883-884 [involving probation instead of community supervision].) Because the circumstances of Townsend's entry of his guilty plea are identical to those in *Laino*, we conclude that the requirements for Townsend having suffered a conviction under the felon-in-possession statute were met. We therefore affirm Townsend's convictions under sections 29800, subdivision (a)(1), and 30305, subdivision (a)(1). Because we affirm these convictions, we need not and do not address Townsend's challenge to the order requiring him to destroy his firearms.

8

B.    *Lesser Included Offense*

Townsend contends that his conviction for simple possession of methamphetamine should be reversed because it is a necessarily included lesser offense of possession of a controlled substance while armed.  The contention lacks merit.

In general, "a defendant who commits a single act or course of conduct may be convicted 'of any number of the offenses charged.'"  (*People v. Williams* (2009) 170 Cal.App.4th 587, 643 (*Williams*), quoting § 954.)  "But a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses."  (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034 (*Montoya*).)  In deciding whether an offense is necessarily included in another when multiple offenses arise out of a single course of conduct, we apply the statutory elements test.  (*People v. Reed* (2006) 38 Cal.4th 1224, 1227-1231.)  We ask whether "'"all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense."'"  (*Montoya*, *supra*, at p. 1034.)  Thus, "'if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.'"  (*Ibid.*)

Here, the greater offense is possession of a controlled substance while armed (Health & Saf. Code, § 11370.1, subd. (a)), and the lesser offense is simple possession of methamphetamine (Health & Saf. Code, §§ 11377, subd. (a), 11055, subd. (d)(2)).  This court has already analyzed the issue of whether possession of a controlled substance while armed can be committed without necessarily committing the offense of simple possession of methamphetamine.  In *Williams*, we applied the elements test and held that

9

simple possession of methamphetamine is not a lesser included offense of possession of a controlled substance while armed. (*Williams*, *supra*, 170 Cal.App.4th at pp. 644-645.)

Townsend asks us to revisit our decision in *Williams* based on decisions analyzing whether simple possession is a lesser included offense of possession with the intent to sell. Townsend does not cite any cases involving the greater offense of possession of a controlled substance while armed and does not offer any reason why our analysis in *Williams* is flawed. Nor do we perceive any flaws in our analysis.

The parties do not dispute that we apply the statutory elements test here because the offenses arise out of a single course of conduct. As we explained in *Williams*, "a violation of the greater offense under Health and Safety Code section 11370.1 may be based on possession of heroin or cocaine, among other substances, that are not included in Health and Safety Code section 11377, subdivision (a)." (*Williams*, *supra*, 170 Cal.App.4th at p. 645.) Simple possession of heroin and cocaine are crimes under a different statutory provision. (*Id.* at p. 645, fn. 11; Health & Saf. Code, §§ 11350, subd. (a), 11054, subd. (c)(11), 11055, subd. (b)(6).) "Thus, Health and Safety Code section 11370.1 may be violated without necessarily violating Health and Safety Code section 11377, subdivision (a)." (*Williams*, at p. 645.) Consequently, applying the statutory elements test, a violation of simple possession of methamphetamine is not a lesser included offense of possession of a controlled substance while armed. (*Ibid.*; *People v. Sosa* (2012) 210 Cal.App.4th 946, 949-950 [simple possession conviction under Health &

10

Saf. Code, § 11350, subd. (a), is not a lesser included offense of possession of a controlled substance while armed for similar reasons].)

We decline to depart from our previous holding in *Williams*, *supra*, 170 Cal.App.4th 643, 644-645. We therefore conclude that under the statutory elements test simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) is not a lesser included offense of possession of a controlled substance while armed (Health & Saf. Code, § 11370.1, subd. (a)).

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.

11