S. A. SPOONER and H. D. LEWIS, Appellants, v. GEORGE
Cross, Appellee.

**Specific performance.** Where a vendor agreed to furnish an ab-
1  stract showing good and merchantable title and a part of the
land was subject to a mortgage, a conditional release of the
mortgage did not render the title merchantable so as to entitle
the vendor to specific performance, in the absence of evidence
that the conditions had been performed.

**Abstract: CONDITION PRECEDENT.** The performance of a condition
2  that the vendor of land shall furnish an abstract showing good
and merchantable title, is precedent to the vendee's obligation
to pay the price.

**Duty of vendor.** The statement of a vendor who agreed to
3  furnish an abstract showing good title, that he had a release
of land from a mortgage, did not relieve him from the obliga-
tion to have it recorded and exemplified on the abstract.

*Appeal from Mills District Court.*—HON. N. W. MACY,
Judge.

SATURDAY, APRIL 8, 1905.

ACTION for specific performance.  Relief denied, and
plaintiffs appeal.—*Affirmed.*

*Cochran & Egan,* for appellants.

*Genung & Genung,* and *E. B. Woodruff,* for appellee.

LADD, J.—On the 24th day of January, 1903, the
parties hereto entered into a written contract by the terms of
which defendant agreed to purchase 560 acres of land in
Saline county, Mo., for the consideration of $20,400, and a
grain and milling plant valued at $16,000.  No time was
fixed for performance, but on February 27th, in pursuance
of an oral understanding, title to 480 acres of land was con-

veyed to defendant, and he deeded to plaintiffs the grain and milling plant, and paid $15,200 in cash. It was then agreed that plaintiff should fix up the abstract on the remaining 80 acres in 30 days. On the 28th of March there was talk over the telephone to the effect that the deal should be closed by the middle of the following week. Whether this delay was at defendant's request, or upon the suggestion of plaintiffs, is immaterial, for in either event the latter were not then in a situation to perform. At that time the 80 acres was covered by a mortgage of $8,500 to the Union Central Life Insurance Company. An objection had been made thereto, but the abstract, after being corrected in other respects, was returned to defendant unchanged as to the mortgage. In another conversation over the telephone on the 6th of April, defendant was assured that the release of the mortgage had been procured, but declined to complete the sale, owing to reasons stated in a letter of the same date in which he returned the abstract. Therein he indicated the accuracy of the abstract, except the release of the mortgage, and added:

Your letter states that there has been a release procured but that is not satisfactory. When we were in Glenwood I gave you thirty days to fix the matter up. You let the time elapse. I then gave you till the middle of last week and still you let the time pass, so I will send you the abstract back and call the deal off on the 80 acres. It is getting so late in the season.

But they had not then procured the release. It was still in the hands of the company's agents, and was not obtained by plaintiffs until April 9th, upon payment of $2,000. Even then the release was executed

only upon the express condition precedent that no other lien has attached to the remaining part of said mortgaged premises described therein, and that the remaining portions of the premises or any part thereof, since the date of the said last deed of trust above described, and that no interest, legal or equitable, has been acquired in any part of said mortgaged premises since the date of said last deed of trust. If any

such interest has been acquired therein, then this release shall not take effect. The object of this stipulation is, that the release of said portion of said mortgaged premises shall not imperil or in any way effect the interest of said mortgagee in the remainder of said premises.

No evidence, by abstract or otherwise, showing the condition of the title of other land covered by the mortgage, was ever presented, nor was an abstract indicating the release of the land in controversy.

From this statement of facts, it is plain that plaintiffs are not in a situation to demand specific performance. They agreed " to furnish an abstract showing good and merchantable title " to the land. This was a condition precedent to payment by defendant. This objection was not waived, for it was the main ground of defendant's refusal to proceed farther, and did not relieve the plaintiffs of their obligation to tender an abstract such as agreed within a reasonable time, and before insisting on performance by defendant. *Lessenich v. Sellers,* 119 Iowa, 314.

The mere statement that they had a release, especially when untrue, did not relieve them from having this appear of record and exemplified in the abstract.

Completing the contract with respect to other lands was upon the express understanding that they should perfect the title to this tract. Nor was a merchantable title proven at the trial. The release of the mortgage was conditional upon no liens having attached to the land not released therefrom since its execution, and " that no interest, legal or equitable," had been acquired therein. The record contains no showing that these conditions had been met. Indeed it would be somewhat difficult to free this tract from all risk, as the language of the release does not limit the equitable interest contemplated to matters of record. For all that appears, the release of the mortgage may be ineffectual as to the $6,500 unpaid.

The decree denying specific performance was right, and is *affirmed*.