[L. A. No. 2900. Department One.—June 7, 1912.]

## G. W. SMIDDY and EFFIE L. SMIDDY, his Wife, Respondents, v. E. H. GRAFTON, Appellant.

Vendor and Vendee—Agreement for Good Title Free of Encumbrance.—Where one makes a contract in writing to sell and convey land, without any exception, or reservation, or provision as to the title or encumbrances, the law implies an agreement on his part to convey a good title free of encumbrance. And if one encumbrance thereon is specially provided for, there is an implied agreement that the title shall be conveyed free from any others.

Id.—Land Subject to Prior Mortgage—Vendee may Elect to Take Land—Adjustment of Purchase Price.—Under an optional contract for the purchase of land encumbered by the lien of a prior unmatured mortgage, as to which no provision was made in the contract, the vendee has the right, at his election, either to insist on a good title and refuse to exercise the option if it is not offered, or to accept such title as the vendor has, and demand an adjustment of the payment of the purchase price, in such a manner as may be just, to protect him as far as may be against loss from the defect in the title.

Id.—Tender of Performance by Vendee—Offer to Assume Mortgage and Pay Difference.—Under such circumstances, the vendee may compel the vendor to perform by offering to assume the payment of such mortgage, and to pay the difference and to otherwise comply with the agreement, provided he keeps his tender good.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Elmer R. McDowell, E. Earl Crandall, and William Hazlett, for Appellant.

H. F. Bridges, and George E. Overmeyer, for Respondents.

SHAW, J.—The defendant appeals from the judgment and from an order denying him a new trial.

The complaint states a cause of action in unlawful detainer to obtain possession of a lot in Los Angeles. The defendant answered, admitting the execution of the lease set forth in

the complaint and the expiration of the term, but claiming the right to remain in possession as a purchaser, under an agreement contained in the contract of lease, whereby the plaintiffs agreed that defendant should have the right to buy the lot at any time during the term, at a price stated. The dispute concerns only the question of the terms of the option contract and the sufficiency of an offer by the defendant to accept and perform it. The findings of the court were that the offer was not made to perform in the manner agreed upon, that it was ineffectual and that the defendant's right of possession had terminated. Judgment for restitution to the plaintiffs was given accordingly.

The contract was in writing. The first part of it was a lease of the lot by plaintiffs to the defendant for the period of six months ending July 22, 1910, at twenty dollars monthly rental. It then provided that during that time the defendant should have the right to buy the lot at the price of two thousand five hundred dollars, of which one thousand dollars was to be paid in cash when the option was to be exercised, and that the remaining fifteen hundred dollars should be paid within three years thereafter, should bear seven per cent interest, and should be secured by "a second mortgage." There was a further provision that if the option was exercised, the rent previously paid should be applied to pay interest at seven per cent on the price of two thousand five hundred dollars from the date of the lease to the date of purchase, and that the excess thereof over such interest should be applied as part of the cash payment of one thousand dollars on the price. A deed was to be made by the plaintiffs to the defendant when the payment was made and the mortgage executed.

The offer by the defendant accepting the option and tendering performance thereof was in writing. The offer, as made, was in the alternative. In explanation it is necessary to state that there was a prior mortgage for eight hundred dollars on the lot, executed by plaintiffs to one Long, which was not payable by its terms until the year 1913. The first part of the offer was to pay in cash the sum of $167.50, being the difference between Long's eight-hundred-dollar mortgage, plus $32.50 on account of the excess of rent over interest, and the first payment of one thousand dollars, and to make

a mortgage on the lot for fifteen hundred dollars, the remainder of the price, leaving the Long mortgage to stand as a first lien on said lot, and demanding a grant deed conveying the lot to him in fee simple, subject to the two mortgages for eight hundred dollars and fifteen hundred dollars respectively.

Under the terms of the contract and in the condition of the plaintiffs' title, this tender was good. It exacted no departure from the terms of the contract which defendant was not entitled to demand, if he chose to accept such title as he could get and demand partial performance by the vendors with abatement or compensation for lack of full performance, as he had the right to do. Where one makes a contract in writing to sell and convey land, without any exception, or reservation, or provision as to the title or encumbrances, the law implies an agreement on his part to convey a good title free of encumbrance. And if one encumbrance thereon is specifically provided for, there is an implied agreement that the title shall be conveyed free from any others. (*Easton* v. *Montgomery,* 90 Cal. 314, [25 Am. St. Rep. 123, 27 Pac. 280] ; *Jonghaus* v. *McCormick,* 18 Cal. 667 ; *Whittier* v. *Gormley,* 3 Cal. App. 489, [86 Pac. 726] ; 2 Pomeroy's Equitable Remedies, sec. 832 ; *Spooner* v. *Cross,* 127 Iowa, 259, [102 N. W. 1118] ; *Roberts* v. *McFadden,* 32 Tex. Civ. App. 53, [74 S. W. 105] ; 1 Sugden on Vendors, 8 Am. ed., pp. 24, 456, 465 ; 39 Cyc. 1445, 1484 ; 2 Warvelle on Vendors, secs. 312, 921.) The plaintiffs were therefore bound to remove the Long mortgage before they could require payment of the purchase money. The contract expressly bound them to convey a title in fee simple. This could not be done while the prior mortgage was outstanding. (39 Cyc. 1485.) The vendee, however, is in a different position. He has his election, as above stated, either to insist on a good title and refuse to exercise the option if it is not offered, or to accept such title as the vendors have, and demand an adjustment of the payments, in such a manner as may be just, to protect him as far as may be against loss from the defects in the title. (*Marshall* v. *Caldwell,* 41 Cal. 301 ; *Grant* v. *Beronio,* 97 Cal. 499, [32 Pac. 556] ; *Whittier* v. *Gormley,* 3 Cal. App. 489, [86 Pac. 726] ; 2 Story on Equity Jurisprudence, sec. 779 ; 2 Pomeroy's Equitable Remedies, sec. 831 ; 39 Cyc. 1578.) In such cases,

where the defect consists of a lien on the land, the purchaser may compel the vendor to perform upon a tender of the amount due on the price, less a sum sufficient to discharge the liens. (39 Cyc. 1564, 1578; *Murphy* v. *Hussey,* 117 La. 390, [41 South. 692].) In the present case the Long mortgage was not due and Long could not be compelled to accept payment or release it. The most that defendant could do, in such circumstances, if he desired to buy the land at the price fixed and was willing to waive the defect, was to offer to assume the payment of that mortgage, pay the difference and otherwise to comply with the agreement. This he did by the part of the offer above recited. The plaintiffs could not justly or equitably demand more. They would be in no wise prejudiced by this qualified performance, in view of their implied obligations and their liability in damages for a breach thereof, if defendant had elected that remedy. Upon the face of the contract, therefore, the defendant was entitled to insist on performance in the manner specified in his tender and to remain in possession of the lot until performance was made accordingly, provided, of course, he kept his tender good.

In order to explain the alternative offer, it is necessary to state some additional features of the case. Defendant filed a cross-complaint asking a reformation of the contract on the ground that by mutual mistake it was so drawn that it did not express the real agreement. It was alleged that the actual agreement as to the option sale was that if the eight-hundred-dollar mortgage was removed at the time the option should be exercised, then defendant should pay one thousand dollars, less the deductions for rent paid as stated, and should execute a mortgage for fifteen hundred dollars, the balance of the price, but that, if the eight-hundred-dollar mortgage was not then removed, in that event the amount due upon it should be deducted from the one-thousand-dollar payment and defendant should be required to pay the balance, only, and should make the fifteen-hundred-dollar mortgage as before. Reformation was asked to make the contract conform to this alleged agreement. The second part of the offer complied with the agreement as thus stated.

The court found that these allegations concerning the actual agreement and the mistake in drawing the writing were not true. The evidence sustains the findings in this respect.

That offered by the defendant tended to support the allegations. But according to the evidence on behalf of the plaintiffs the actual agreement was that two thousand five hundred dollars was the full price of the land, that one thousand dollars in cash less the excess of rent paid over interest, was to be paid without other conditions, and that, if the Long mortgage was not removed at the time the option was taken, the defendant was to assume its payment and execute a second mortgage for seven hundred dollars to plaintiffs to make up the remainder of the two thousand five hundred dollars. This was not the agreement alleged in the cross-complaint and the court was therefore justified in finding that the allegations were not true. It is plain from this evidence that both parties signed the agreement under a mistake, but they do not agree with respect to the actual facts. This matter is not essential to our decision on this appeal. The first part of the offer complied with the requirements of equity and entitled defendant to such performance by plaintiffs as they were able to make in accordance with the demand and to hold possession in the mean time. The finding that defendant did not elect to exercise his option nor make a lawful offer to perform the agreement of sale is contrary to the evidence.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.