## No. 11,046.

## WHITE *v.* GREENAMYRE.

Decided March 2, 1925.

Action for specific performance.   Judgment of dismissal.

*Affirmed.*

1.  SPECIFIC PERFORMANCE—*Damages.*   Generally specific performance of a contract for the sale of land will be granted even though the plaintiff might be fully compensated for damages for any injury resulting from a failure of the defendant to convey.

2.  *Time.*   Under a contract for the sale of land where time is not of the essence of the contract, failure to perform on the day fixed will not defeat specific performance.

3.  *Time.*   Under a contract for the sale of land, where from the nature of the property or the avowed objects of the parties, it may be implied that time is of the essence of the contract, if the party seeking specific performance has been guilty of unnecessary delay or inexcusable negligence in performing his part, or there has been a material change of circumstances affecting the rights of the parties, equity will refuse specific performance.

4.  APPEAL AND ERROR—*Specific Performance.*   In an action for specific performance of a contract for the exchange of lands, evidence reviewed, and a judgment of dismissal held justified.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW & STOVER, Mr. WILLIAM K. LILLEY, for plaintiff in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. WILLIAM A. BRYANS, III, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

JOHN R. WHITE, the owner of town lots with a dwelling house thereon situate in Kimball, Nebraska, and Mrs. Greenamyre, the owner of farming lands in Larimer County, Colorado, on October 28, 1922, entered into a written contract for the exchange thereof. Each of the parties was to furnish and deliver to the other an abstract of title on or before February 1, 1923. Mrs. Greenamyre was given the right to collect all rents from the Nebraska property from November 1, 1922, to be applied, when collected, on the principal and interest of a $2,500 mortgage thereon, some payments of the principal having previously been made. Possession of the farming land was to be given to White March 1, 1923, on which date the appropriate deeds were to be executed and delivered by the parties. The Colorado property had been listed for sale with Hurdle, a real estate agent at Fort Collins, and when White applied to Hurdle with a view to buying property in Colorado, negotiations were entered into which resulted in this contract of sale, Hurdle acting, in part at least, for both parties. The contract does not state the amount of the encumbrance on the Nebraska property when the contract was made, but it is admitted that the owner, Mr. White, represented it to be not in excess of $1,500. As a matter of fact the indebtedness was then about $2,200. When the abstracts of title were exchanged, February 1, the title of the Nebraska property was found to be defective in several particulars. The defendant, Mrs. Greenamyre, who was then in Boston, executed the appropriate deed for her property and sent the same to her sister, who presented it to the common agent and was ready to carry out the contract on her part on the first day of March, 1923, at the time specified in the contract for full performance, but the title of the Nebraska property had not been then perfected and the amount of the mortgage in excess of $1,500 had not been paid off or reduced. In the latter part of February

or the first of March, Mrs. Greenamyre again informed White that she was ready and willing to carry out the contract on her part, and demanded that the defects in the title of the Nebraska property be remedied and the mortgage reduced to the required amount as a condition to the delivery of her deed. On March 30, she again notified the agent Hurdle that unless this mortgage was reduced to $1,500 by the fifth of April, the deal would be called off. On the 5th of April Hurdle, apparently at plaintiff's request, sent a telegram to the defendant asking that she take White's note for $510, payable in six months personal security, and second mortgage on the purchased Colorado land, which she refused to do. On the same day Mrs. Greenamyre's sister went to Hurdle's office with the deed to the Colorado property, and insisted upon some showing that the mortgage had been reduced to the agreed amount, but no showing was made. Hurdle then tried to induce the sister to accept the plaintiff's personal note as above indicated, which the sister refused. The trial court found that plaintiff's complaint was without equity and he was not entitled to specific performance, and the action was thereupon dismissed. White brings the case here for review of that judgment.

The general rule is that specific performance of a contract for the sale of land will be granted even though the plaintiff might be fully compensated in damages for any injury resulting from a failure of the defendant to convey. This remedy, however, is not always afforded as a matter of course, but whether or not the relief is given depends upon the circumstances of the particular case, under well recognized rules of equity jurisprudence. Where time is not expressly, or by necessary implication, made of the essence of the contract, the failure of the plaintiff to perform on the very day fixed for performance does not defeat specific performance. Where, however, time is not made by express stipulation of the essence of a contract, it may be implied from the nature of the property or the avowed objects of the seller or purchaser, and in such a

case if the party seeking specific performance has been guilty of unnecessary delay or inexcusable negligence in performing on his part, or if there has been a material change of circumstances affecting the rights of the parties, courts of equity will refuse to decree a specific performance. *Young v. Daniels,* 2 Iowa (Cole's Ed.) 126, 63 Am. Dec. 477; *Findley v. Koch,* 126 Iowa, 131, 101 N. W. 766; *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 587, 23 L. Ed. 328; *Merrill v. Rocky Mt. Cattle Co.,* 26 Wyo. 219, 181 Pac. 964.

The deeds in this case were to be exchanged March 1, 1923. Abstracts of title to the respective properties were to be, and were, furnished four weeks before that time. There were material defects in the title of the Nebraska property which were pointed out before the time fixed for the exchange of deeds. The defects were not remedied and no good excuse given for not doing so. White represented to the defendant that there was a mortgage of $1,500 on the Nebraska property which she was to get in the exchange, whereas the mortgage was $700 in excess of that amount. No attempt was made to reduce the encumbrance. There were some defects in the title of the Colorado property, but these were waived by White. The defendant was ready, able and willing to perform her part of the contract on the first of March as the contract provided. The plaintiff was not ready at that time, or when he brought this action, or at the time of the trial, and it was admitted by plaintiff at the trial in September that foreclosure of the mortgage had recently been made. More than thirty days were given to the plaintiff after his default within which to perform and there is nothing in the record that justifies his failure to do so. The defendant was not obliged to accept plaintiff's promissory note for the alleged difference between the amount of the mortgage and the amount which he represented it to be at the time the contract was made, in lieu of performance by himself in that particular, so that the defendant was within her rights when she refused further time for the plaintiff to perform, because the plaintiff's conduct indicated to the

trial court that his reason for wanting additional time was not that he might reduce the mortgage or perfect his title but for some other and improper motive. Circumstances had changed between the time of the making of the contract and the time fixed for performance. Discovery of mineral oil within about one mile of the Colorado land had been made and, while there may not be in the record any definite or satisfactory showing that the Colorado land had greatly appreciated in value after the discovery of oil, or that the plaintiff White was asking for more time, awaiting, meanwhile, further development of drilling before performance, still the trial court might well consider this circumstance as bearing upon plaintiff's motive and good faith. To say the least, there was sufficient evidence to justify the court in its finding that the plaintiff had delayed performance of this contract an unreasonable length of time and for speculative reasons and, therefore, that he was not entitled to specific performance.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.