[S. F. No. 15293.   In Bank.—January 14, 1935.]

WAYNE M. PETERSEN, Appellant, v. JOHN JURRAS et al., Respondents.

Joseph M. Trusty and Henry J. Kleefisch for Appellant.

Charles S. Wheeler, Charles S. Wheeler, Jr., and W. D. Shea, Jr., for Respondents.

PRESTON, J.—This cause is before us on motion to dismiss the appeal of plaintiff or to affirm the judgment for defendants. We have no hesitancy in pursuing the latter course, as the record indicates clearly that the appeal is nonmeritorious, probably taken for the sole purpose of delaying final judgment and thus extending the period for redemption of the property which is the subject matter of the litigation.

Defendants are husband and wife; the word ''defendant'' will be hereinafter used to refer to defendant John Jurras. The property in question was acquired by plaintiff in 1932,

subject to mortgage of defendant. In January, 1933, defendant brought an action to foreclose his mortgage, had judgment therein and at the foreclosure sale, held February 3, 1933, bid in the property and received commissioner's certificate of sale thereof. During the one-year period of redemption he collected from said property rents in the sum of $1235, and expended $179.67 for taxes. On February 2, 1934, one day prior to expiration of said statutory period, plaintiff served on defendant a demand for a written verified statement of the amount of rents collected by him. Defendant failed to comply with the demand, and on February 7, 1934, received a commissioner's deed to the property.

Section 707 of the Code of Civil Procedure provides: ''The purchaser from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents . . . have been received by the . . . purchaser . . . from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption-money to be paid; and if the redemptioner . . . , before the expiration of the time allowed for such redemption, demands in writing of such purchaser . . . a written and verified statement of the amounts of such rents . . . thus received, the period for redemption is extended five days after such sworn statement is given . . . If such purchaser . . . shall, for a period of one month from and after such demand, fail or refuse to give such statement, such redemptioner . . . may bring an action . . . to compel an accounting and disclosure of such rents . . . and until fifteen days from and after the final determination of such action, the right of redemption is extended to such redemptioner . . . ''

Pursuant to the above provision, plaintiff, alleging facts substantially as above set forth, brought this action to quiet title and for an accounting of all rents received by defendant. Defendant appeared voluntarily and filed an answer admitting all allegations of the complaint and furnishing a written, verified account of rents received, which account was appended as an exhibit to said answer. Defendant also joined with plaintiff in requesting that the commissioner's deed be set aside, being premature, and that he be remanded to his position as purchaser at the foreclosure sale.

The cause proceeded to trial and evidence was received establishing the correctness of the account as submitted by defendant. The court thereafter made its findings and gave judgment in accordance with the admitted facts and the evidence. Among other things, the court found that defendant, on February 3, 1933, became the owner of the property by virtue of the certificate of sale in the foreclosure action, subject to the right of redemption as provided by law; that he had collected $1235 in rents and expended $179.67 for taxes; that plaintiff was, prior to February 3, 1933, and ever since had been in actual possession and occupation of the property and that the commissioner's deed, issued on February 7, 1934, should be annulled. The judgment provided that said commissioner's deed be vacated and that plaintiff might redeem said property within fifteen days after final determination of this action, provided, however, that if said property be not so redeemed, said commissioner shall, upon the expiration of said fifteen-day period, execute and deliver to defendant a good and sufficient commissioner's deed to said property; and, lastly, that plaintiff have costs.

From this judgment plaintiff appealed. The three points presented in the appellant's opening brief are scarcely worthy of mention. Appellant complains that the findings were prepared by counsel for defendants and that the court thereafter failed to approve his proposed amendments thereto, as follows:

First, that the court failed to find, in substance, that after February 3, 1933, defendant, assuming to act under color of said certificate of sale, and without plaintiff's consent and permission, collected and retained said rents. This finding was unnecessary, as it was admitted on the trial that "no permission was requested and no permission was granted" to defendant to collect the rents. Furthermore, it would be immaterial whether or not permission was given by plaintiff, as defendant, in collecting the rents, was not exceeding the authority so to do conferred upon him by said section 707 of the Code of Civil Procedure.

Appellant's second proposed amendment covered the facts as to the demand for and furnishing of an accounting by defendant. These facts were fully incorporated elsewhere in the findings.

Lastly, appellant complains of the court's refusal to adopt the following proposed conclusion of law: "That plaintiff . . . on February 3, 1933, was and ever since . . . has been and now is in the actual possession and entitled to possession of said real property and the fruits of said right of possession until the expiration of the period of redemption following the foreclosure and sale."

The trial court did not err in refusing this proposed amendment. Right to possession of the property was not an issue in the case. Plaintiff alleged and defendant admitted that he was in possession thereof. As to the proposed conclusion that plaintiff was entitled to the "fruits of said right of possession", presumably the rents collected by defendant, the ruling of the trial court was clearly correct.

The purchaser at a foreclosure sale is entitled to rents during the period of redemption (sec. 707, *supra*), such rents to be a credit upon the redemption money to be paid. The mortgagor is entitled to remain in possession of the property. These respective rights of mortgagor and mortgagee are fully discussed and settled by the recent case of *First National etc. Bank* v. *Staley,* 219 Cal. 225 [25 Pac. (2d) 982].

The judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.