No. 16,070.

PROSSER *v.* SCHMIDT ET AL.
(197 P. [2d] 318)

Decided August 30, 1948.

Mr. JAMES S. PROSSER, pro se, Mr. ELMER P. COGBURN, for plaintiff in error.

Mr. B. E. MADDEN, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

IN July 1946, action was brought by Prosser against the Schmidts for specific performance. The evidence advanced in his behalf upon trial of the case was in brief as follows:

On February 14, 1942 Prosser and the Schmidts executed a contract in writing whereby, in consideration of receipt by them of fifty dollars, the Schmidts promised to convey to Prosser certain real property near the city of Florence, Colorado, for the sum of $1,500, the balance of $1,450 to be paid upon delivery of deed. The transaction was to be closed and possession given on or

before May 1, 1942. Vendors covenanted to obtain full release of first and second mortgages then against the property, and convey it free of liens and encumbrances, and it was agreed that if the title was found to be not merchantable and could not be made so to the satisfaction of the purchaser within ninety days and after written notice of defect, then the earnest money should be returned; and that upon failure of the purchaser to comply with the agreement for any other cause, the earnest money was to be forfeited. On May 1, the time set for closing, Prosser went from Denver to Florence and tendered to the Schmidts the balance of $1,450 in full compliance with the agreement, but the latter were unable then to perform, for the reason that the mortgages had not yet been released; accordingly on that day they signed a letter addressed to Prosser at Denver, acknowledging the tender on that date, reciting their failure to obtain release of the mortgages, declaring their expectation that the releases would be ready on or before May 15th, and providing that in case delay in approval of title or obtaining releases or other causes should prevent closing the deal by that time, a duly executed deed and the balance of the purchase price should be deposited in escrow, and the transaction be consummated as soon after May 15 as possible. The letter ended with the declaration, "We shall expedite this matter in every way possible and without prejudice to you." The transaction was not closed by May 15th and no evidence appears of the escrow of deed or purchase price or offer thereof by either party.

Under date of June 22, Schmidt wrote Prosser, "Have just completed papers, had survey made, have legal description and release," then, after reference to some other business between them, he closed by saying, "let me know when can expect you." In response to that letter Prosser went to Florence the later part of July, found that Schmidt had gone to Pando to work and wrote him a letter in care of the camp post office. This

letter was returned unclaimed; August 6, he again wrote him at Pando, that letter also being returned; he addressed a third letter to him at Florence thinking it might be forwarded. The third letter was answered by Schmidt's mother-in-law at Florence, who had informed Prosser that Schmidt was at Pando. The nature of this answer does not appear from the record. In September, Prosser obtained the abstract of title to the property from the bank at Florence, and had it examined by an attorney in Denver who advised him that the two mortgages had not been released of record. Apparently no step was taken by either party thereafter toward closing the deal until February, 1946. Prosser testified that Schmidt was in Pando until Christmas, 1942, and was away in the year 1943; that he saw more of him in 1944, because he was working at Florence, but that he took no action, as he "was waiting for notice that the papers had been completed"; that he had never been furnished with an abstract showing release of the mortgage; that, "The war was on, and Mr. Schmidt had other employment, and was out of the city a great deal, and the matter was just allowed to be held in abeyance"; that he had been ready and willing at all times to pay the balance of the purchase price upon receipt of deed; and that in February, 1946 he went to the bank, where the deal was to be closed, for the purpose of paying the money and was told that Schmidt had canceled the agreement.

After submission of plaintiff's evidence, the court granted defendants' motion to dismiss, upon the grounds that plaintiff failed to allege in his complaint that he had no adequate remedy at law; that his evidence failed to show such lack of remedy; and that, since, plaintiff did not in his complaint, ask in the alternative for damages if specific performance could not be granted, the court could not consider the question of damages in lieu of specific performance. The court further expressed opinion that since there were mortgages on the prop-

erty, specific performance could not be decreed, and that the amount of the mortgages or the ability of the vendor to have them released was immaterial.

■ In an action for specific performance of a contract to convey real estate, pleading or proof of inadequacy of legal remedy is unnecessary. *White v. Greenamyre*, 77 Colo. 33, 234 Pac. 164. Different tracts of land are not of equal type and value, like bushels of wheat from the same bin.

· ■ While a vendor may, in proper case, be denied specific performance from the fact that his title is encumbered, such encumbrance is a defense to his purchaser's suit for specific performance only when it is shown by proper evidence that it is impossible for the vendor to perform, and, even then, if the purchaser so chooses, the vendor may be required to convey subject to encumbrance with compensating abatement of the purchase price. *Smiddy v. Grafton*, 163 Cal. 16, 124 Pac. 433; Pomeroy's Specific Performance of Contracts, §438.

■ Upon showing of impossibility of performance by the vendor the court will, in the absence of countervailing equities, retain jurisdiction of the action, permit amendment of pleadings and on proper proof make findings of, and give judgment for, the damages resulting from his nonperformance. This was true even under code pleading. *Hoehne Ditch Co. v. John Flood Ditch Co.*, 76 Colo. 500, 233 Pac. 167. Such amendment does not constitute a new cause of action. *Mullen v. McKim*, 22 Colo. 468, 45 Pac. 416.

■■ It is urged in behalf of defendants in error that the contract did not provide mutual obligations. If so, this was cured by plaintiff's tender of performance. It is further urged that plaintiff is barred by laches and has been guilty of unnecessary delay and inexcusable negligence in asserting his rights; if so, that was an issue to be determined by the court from the evidence and it

does not appear as a matter of law from the evidence submitted by plaintiff. *White v. Greenamyre, supra.*

The judgment is reversed and the case remanded for further proceedings consistent with the views expressed herein.

MR. JUSTICE HILLIARD not participating.