[Civ. No. 17438. First Dist., Div. Two. June 10, 1957.]

CLIFFORD J. JOHNSON, Respondent, v. TORSTEN R. LEHTONEN, Appellant.

*Assigned by Chairman of Judicial Council.

Henry B. Lister and P. J. C. Lindfors for Appellant.

John P. Wilson and Leon E. Shiells for Respondent.

DOOLING, J.—This appeal is taken from a decree of specific performance. By a written contract dated August 23, 1954, appellant agreed to convey to respondent for a price of $8,500: "Portion of Lots Nos. 12 and 13, Block 114, Crescent Park Subdivision" in the City of Palo Alto. The contract was signed for appellant: "Torsten R. Lehtonen by Jarl Lindfors, his attorney in Fact."

It developed that the property in question was held in

joint tenancy by appellant and his wife and by the decree appellant is compelled to convey his undivided one-half interest therein for one-half of the purchase price, $4,250.

The appellant's argument that Lindfors had no authority in writing to execute the contract is foreclosed by the admission in his answer. The complaint alleged: "That . . . defendant, Thorsten [sic] R. Lehtonen, and the plaintiff did enter into that certain agreement, a copy of which is attached hereto, designated Exhibit 'A,' and by reference is made a part hereof." A copy of the agreement was attached to the complaint marked "Exhibit A." In the answer the truth of the above quoted allegation was expressly admitted. Having admitted that he executed the agreement appellant could not dispute this fact on the trial and his attempt to prove lack of written authority in Lindfors over objection that the fact was not in issue could not avail him, since he at no time asked leave to amend his answer in this respect.

There is no difficulty in enforcing the contract by specific performance as to the interest which appellant actually possessed. "If the vendor has any interest in the property that he has contracted to convey, the vendee, at his option, may enforce the contract with respect to whatever interest the vendor possesses, and may also receive compensation for the deficiency in performance." (*Miller* v. *Dyer*, 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1328] ; *Smiddy* v. *Grafton*, 163 Cal. 16 [124 P. 433, Ann.Cas. 1913E 921] ; *Farnum* v. *Clarke*, 148 Cal. 610 [84 P. 166] ; *Easton* v. *Montgomery*, 90 Cal. 307 [27 P. 280, 25 Am.St.Rep. 123] ; *Armstrong* v. *Sacramento Valley Realty Co.*, 52 Cal.App. 110 [198 P. 217].) *Marshall* v. *Caldwell*, 41 Cal. 611, was an exactly parallel case. There the vendor agreed to convey described property and, as here, owned only an undivided one-half interest. The court affirmed a decree of specific performance as to the one-half interest and said (41 Cal. at page 615) : "To entitle the defendant to the relief, it was necessary for him to pay or tender as the purchase money only one half of the contract price."

The description in the contract, while uncertain on its face as to what "portion" of Lots 12 and 13 was covered by the contract, was made certain by the proof that the portion covered by the decree was the portion of those lots in fact owned by the appellant and his wife. The description of property in a contract is sufficient to support a decree for specific performance where there is but one tract owned by

the vendor which will answer the description. (*Carr* v. *Howell,* 154 Cal. 372, 375-378 [97 P. 885]; *Beverage* v. *Canton Placer Min. Co.,* 43 Cal.2d 769, 776 [278 P.2d 694]; *Joyce* v. *Tomasini,* 168 Cal. 234 [142 P. 67].)

Appellant argues that the presumption is that this land was the community property of himself and his wife. ■ The property being held in joint tenancy the presumption was just to the contrary and proof that it was purchased with community funds is not sufficient standing alone to overcome the presumption that it was not community property. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 212 [259 P.2d 656]; *Schindler* v. *Schindler,* 126 Cal.App.2d 597, 602 [272 P.2d 566].)

■ The contract provided that the purchase price was to be paid "on receipt of an approval from the Planning Commission of the City of Palo Alto to subdivide the said lots into two (2) separate building sites." This provision is obviously for the benefit of the buyer and might have been waived by him. Appellant cannot complain of the delay in obtaining it. In fact such approval was given as pleaded and found by the trial court.

The evidence is clear that the parties intended the contract to cover the entire fee in the property and since appellant can convey only an undivided one-half thereof the award of one-half the purchase price is all that he is entitled to.

Decree affirmed.

Kaufman, P. J., and Draper, J., concurred.