[Civ. No. 26618.   Second Dist., Div. Four.   Mar. 20, 1963.]

LOUIS H. HOUSE et al., Plaintiffs and Appellants, v. JEROME J. LALA et al., Defendants and Respondents.

[Civ. No. 26619.   Second Dist., Div. Four.   Mar. 20, 1963.]

JEROME J. LALA et al., Plaintiffs and Respondents, v. LOUIS H. HOUSE et al., Defendants and Appellants.

(Consolidated Cases.)

Hal L. Coskey for Plaintiffs and Appellants.

Barry Sullivan for Plaintiffs and Respondents.

BURKE, P. J.—This is an appeal from a judgment in two separate actions which were tried together below. Findings of fact, conclusions of law and judgment were consolidated; pursuant to stipulation of parties this court granted a motion to file consolidated briefs.

Action No. 26618 is a suit by the vendee to obtain specific performance of a contract to convey certain real property. No. 26619 is an action by the vendor to quiet title to the same property. Because these appeals rest upon different factual bases and present unrelated questions of law, they will be considered separately.

## No. 26618

Louis and Grace House (House), husband and wife, brought this action to compel Jerome and Rose Lala (Lala) to specifically perform an agreement executed on March 1, 1955, to convey real property. Pursuant to an escrow agreement, Lala deposited a grant deed to the property in escrow on April 14, 1955. The trial court found that House deposited the purchase money required by the terms of the agreement, was willing and able to perform and that the price was fair and reasonable. House assumed possession of the premises on April 18, 1955, and concurrently therewith loaned Lala $200.

On November 30, 1955, a supplemental written agreement was entered into between House and Lala. The execution of this agreement was precipitated by the discovery subsequent to the opening of the escrow that the property was encumbered by certain tax lien obligations, no provision for which was made in the original contract. By this supplemental agreement Lala undertook to prosecute an action to set aside the liens and to notify House if the action was unsuccessful. House agreed to vacate the premises 60 days after such notice.

Pursuant to the agreement Lala prosecuted the action. He

was unsuccessful and thereafter gave the prescribed notice. At the time of trial 60 days had expired from the giving of the notice but House had not vacated the premises.

Judgment in this action was for defendant Lala and plaintiff House appeals. The only question presented is whether the supplemental agreement of November 30, 1955, is supported by sufficient consideration.

Section 1605, Civil Code provides that "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

The contention of appellant House is that there was no consideration to support the promises he made in the supplemental agreement, that respondent Lala was already legally bound to perform what he had promised.

Disposition of this point requires a review of the principal provisions of the supplemental agreement. In addition to agreeing to prosecute the action to set aside the liens Lala agreed to give House a promissory note evidencing House's prior loan to him of $200. House agreed that during the pendency of Lala's litigation he would make payments on a trust deed against the property, pay all real estate taxes and insurance, move off the premises within 60 days after receiving notice that Lala had been unsuccessful in his litigation, and release Lala from any damages occasioned thereby. The trial court made a finding that the promise by Lala to allow House to remain in possession of the premises pending the outcome of the action to set aside the liens was implied in the supplemental agreement.

In holding that the supplemental agreement was supported by consideration the trial court found:

"That the consideration was and is the substitution of a group of new rights and duties and relinquishment of a group of former rights and duties by modifications of contract before complete performance and additional rights of Louis H. House and Grace C. House to remain in possession and obligation to pay taxes, insurance and payments on Note secured by Trust Deed, a total of approximately $68.00 per month, none of which was to be repaid, and to receive a note for $200.00 if title was not cleared."

The following are the principal points raised by appellant House:

1. That the promise by Lala to attempt to clear title by litigation does not constitute sufficient consideration because under the original contract there was at least an implied promise on the part of Lala to convey good title. House contends that when Lala agreed to attempt to clear title by litigation, he was in effect doing nothing more than agreeing to fulfill his original obligation; i.e., to deliver a good title to the property.

2. That a promise to deliver "a promissory note" of $200 representing a preexisting debt is not sufficient consideration. On this point it was also argued that a promise to deliver a promissory note of $200 was too indefinite to be enforceable.

3. That the contract did not give House the right to remain in possession as found by the trial court and that, even if it did, possession was not bargained-for consideration.

House, in support of his first contention, namely, that there was not sufficient consideration, sets forth the well-established rule that in a contract to sell real property the law implies a promise by the seller to convey a title to the purchaser free of all encumbrances except those specifically provided in the agreement (*Smiddy* v. *Grafton*, 163 Cal. 16, 18 [124 P. 433, Ann.Cas. 1913E 921]; *Dennis* v. *Overholtzer*, 178 Cal.App.2d 766, 775 [3 Cal.Rptr. 193]).

Acknowledging that Lala had a duty to convey title to the property free of the liens in question, did such duty entail the taking of legal action to clear the title of such liens? It was the trial court's belief that by the supplemental agreement Lala was promising to do something more than he was previously obligated to do.

It is self-evident that a court in an action for specific performance of a land sale contract would not compel the vendor to bring suit to clear a defective title in order that specific performance might be decreed, because in many instances such suit would be unavailing. If the purchaser elected to have the contract specifically enforced, the court would decree that there be a conveyance of the property subject to the liens with an abatement of the purchase money for the deficiency in title. (*Johnson* v. *Lehtonen*, 151 Cal.App.2d 579 [312 P.2d 35]; *Groobman* v. *Kirk*, 159 Cal.App.2d 117 [323 P.2d 867].)

The law does not require that every part of the bargained-for consideration shall be of a kind that would be operative to make a return promise binding. It is enough that any part of it is of such a kind. If the bargained-for performance which is rendered includes something that is not within the requirements of a preexisting duty, the law of consideration is satisfied. "It makes no difference that the agreed consideration consists almost wholly of a performance that is already required and that this performance is the main object of the promisor's desire. It is enough that some small additional performance is bargained for and given." (Corbin on Contracts (1 vol.ed.) p. 275.)

"Consideration is not insufficient because of the fact that the party giving the consideration is then bound by a duty owed to the promisor or to the public, or by any duty imposed by the law of torts or crimes, to render some performance similar to that given or promised, if the act or forebearance given or promised as consideration differs in any way from what was previously due." (Rest., Contracts, § 84(c).)

House contends the supplemental agreement did not affect his right to possession. Although the agreement did not spell out in so many words that Lala would allow House to remain in possession of the property during the pendency of the litigation to clear title, as part of the consideration for House's promises the trial court found, quite justifiably, that such a promise was implied by the terms of the supplemental agreement. This right to remain in possession pending the litigation was sufficient consideration for the supplemental agreement. The original contract of sale provided that the buyer would be entitled to possession at the close of the escrow but it never closed because of Lala's inability to clear title. Supplemental escrow instructions were issued by House on April 14, 1955, which authorized the escrow agent to pay $200 to Lala prior to the close of the escrow. House contends that he gave the $200 to Lala in return for possession of the property and that the right of possession did not stem from the supplemental agreement. The trial court accepted Lala's assertion that $200 was merely a loan and its finding to this effect being supported by the evidence is binding on this court.

The supplemental agreement specified rights and duties on each side. It is the rule that the modification of a written contract by a written supplemental agreement before

performance which substitutes reciprocal rights between the parties is adequate consideration for the relinquishment of reciprocal rights of the parties under the original contract (*D. L. Godbey & Sons Construction Co.* v. *Deane,* 39 Cal.2d 429, 431 [246 P.2d 946]; *Fleming* v. *Law,* 163 Cal. 227, 233 [124 P. 1018]).

It is unnecessary to consider whether or not the promise to deliver the promissory note was too indefinite to support a binding contract, or whether it would provide sufficient consideration.

### No. 26619

This action was brought by Lala against House to quiet title and for an accounting, and arises out of Lala's attempts to redeem the property in question after purchase at execution sale by House.

The dispute arose as follows: On November 24, 1959, the Muncipal Court, Los Angeles Judicial District issued a writ of execution on a judgment for costs in favor of House and against Lala. On January 20, 1960, the marshal sold the property for $92.80 to House. On November 15, 1960, Lala deposited $98.47 with the marshal and demanded a certificate of redemption. House then filed a demand for $1,131.90, representing assessments, taxes and payments on a note secured by trust deed claimed to have been paid by House after purchase at the execution sale and prior to redemption. Lala did not comply with this demand. On December 3, 1960, Lala served a written demand of his own on House for a verified and itemized statement of rents and profits and for an accounting for the value of use of the premises. House filed an answer to the demand which did not account either for the value of the use of the premises or for rents and profits.

Thereafter the instant action was filed January 3, 1961. The court found the answer filed by House in response to Lala's demand for an accounting was inadequate in that it did not give credit for the value of the use of the premises by House. The court also found that the redemption had not been completed but that Lala had the right to bring the action which, as provided by section 707, Code of Civil Procedure, extended the right of redemption until 15 days after final determination of the cause.

After noting that Lala had given House the 60-day notice to vacate as was provided for in the November 30, 1955, supplemental agreement, *supra* No. 26618, thus terminating

House's right to possession of the premises on March 30, 1959, the court determined Lala was entitled to $966 for House's use and occupancy of the premises from March 31, 1959, until January 20, 1960, the date of the execution sale. The court also found Lala would not be entitled to the value of possession after January 20, 1960, unless the redemption was perfected and that in the latter event he would be entitled to a credit of $100 per month, the reasonable value of use and occupancy for the period House remained in possession after that date.

The sole question raised by House on appeal in this action is whether or not he is required to account to Lala for the reasonable value of use and occupancy during the redemption period. ▮ Stating the question formally: Is an execution purchaser of property which is subject to the right of redemption by the judgment debtor entitled to free use and occupancy during the time intervening between the purchase and the perfection of the right of redemptⁱⁿn?

The rights of the parties are governed by sections 701-707, Code of Civil Procedure. During the redemption period the judgment debtor is entitled to possession of the premises in the absence of some agreement to the contrary (Code Civ. Proc., § 707; *Petersen* v. *Jurras,* 2 Cal.2d 253, 257 [40 P.2d 257]). The facts of the case at bar are to be distinguished from the usual situation in which the judgment debtor exercises his right to remain in possession during the redemption period. In the case before us, the purchaser, House, had been allowed to take and remain in possession. Lala, as judgment debtor and redemptioner, contended that he should be entitled to receive rent from House as purchaser. The trial court agreed with Lala and held he was entitled to the value of the use of the property during the redemption period.

Although neither party has cited any authority to sustain his position, section 707 of the Code of Civil Procedure and cases construing it support the trial court's determination.

Section 707 provides in part that the purchaser, from the time of sale until redemption, ". . . is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the judgment creditor [purchaser] . . . from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption money to be paid."

The free use of the property by the purchaser is arguably "profits" as referred to in section 707. Black's Law Dictionary defines the word profit as a "benefit . . . accruing to . . . the owner or occupant of land from its actual use."

Since a judgment debtor who remains in possession of real property sold at an execution sale and who fails to redeem must pay the purchaser for the value of his use of the premises, there appears to be no valid reason why a purchaser in possession should not likewise be required to account for the value of his use as a profit received if the debtor redeems.

For the reasons stated the judgment of the trial court in each action is affirmed.

Jefferson, J., and Bishop, J., pro tem.,* concurred.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.