Barrett E. **BENSON** and Patricia Ann Benson; Alan B. Nicol and Karen B. Nicol; Robert L. Hoerr and Jere L. Hoerr; James B. Turner and Mary Catherine Turner; Donald A. Anderson and Ruth L. Anderson, Plaintiffs-Appellants,

v.

Ken **NELSON**, a/k/a Kenneth M. Nelson, Defendant-Appellee.

No. 84CA0920.

Colorado Court of Appeals, Div. III.

May 15, 1986.

Rehearing Denied June 12, 1986.

Certiorari Denied (Nelson) Sept. 29, 1986.

Williams, Trine, Greenstein & Griffith, P.C., Wilfred R. Mann, Boulder, for plaintiffs-appellants.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Golden, for defendant-appellee.

BABCOCK, Judge.

In this action to enjoin the development of certain real property, plaintiffs appeal the trial court's dismissal of their claim for injunctive relief. We reverse and remand for further proceedings.

The record discloses the following. In 1972, 1974, and 1975, plaintiffs purchased subdivision lots in Jefferson County, Colorado, from defendant Nelson. These lots were adjacent to undeveloped land bordering on a lake, and, at the time of purchase, they provided plaintiffs with an unobstructed view of the lake. Plaintiffs alleged that they paid a premium price for the "lakefront" lots and that they designed and custom built their homes to capture the view of the lake and utilize the "greenbelt" area.

In 1981, Nelson acquired the property adjacent to the lake and commenced development. Plaintiffs then brought this action, seeking to enjoin development of the property, contending that development would obstruct their view of the lake and deprive them of the greenbelt area, and that, prior to their purchase of the lots, they had detrimentally relied on defendant Nelson's representation that the property would not be developed.

Nelson moved for summary judgment. The trial court, following its receipt of plaintiffs' response and defendants' reply, dismissed plaintiffs' claim for injunctive relief on the sole ground that an adequate remedy at law exists. The trial court granted plaintiffs leave to amend their complaint to assert an appropriate remedy, discharged plaintiffs' notice of lis pendens and granted certification pursuant to C.R. C.P. 54(b).

Plaintiffs raise only one issue on appeal. They contend that the trial court erred in dismissing their claim for injunctive relief on the ground that an adequate remedy at law exists. We agree.

Injunctive relief will not be granted if there is an adequate remedy at law. *American Investors Life Insurance Co. v. Green Shield Plan, Inc.*, 145 Colo. 188, 358 P.2d 473 (1960). The question whether an adequate remedy at law exists is a matter for analysis under the facts of each case. D. Dobbs, *Handbook on the Law of Remedies* § 25 at 61 (1973). Relevant factors include whether damages can be proven with reasonable certainty, whether the defendant is solvent and capable of responding to a money judgment, whether the harm alleged is continuing or will require plaintiff to resort to multiple litigation to effect the legal remedy, and the difficulty of obtaining, by the use of money, a suitable substitute for the promised performance. *See Cobai v. Young*, 679 P.2d 121 (Colo.App.1984); *American Investors Life Insurance Co. v. Green Shield Plan, Inc., supra.*; D. Dobbs, *Handbook on the Law of Remedies, supra,* at 57–58; Restatement (Second) of Contracts § 360(b) (1981).

The last factor is particularly relevant here. If property is unique in kind, quality, or personal association, no suitable substitute may be obtainable, and thus, the remedy at law is inadequate. *See* Restatement (Second) of Contracts § 360 comment c (1981); D. Dobbs, *Handbook on the Law of Remedies, supra.* "A specific tract of land has long been regarded as unique and impossible of duplication by the use of any amount of money." Restatement (Second) of Contracts § 360 comment e (1981); *see Prosser v. Schmidt*, 118 Colo. 502, 197 P.2d 318 (1948); *Thomas & Son Transfer Line, Inc. v. Kenyon, Inc.*, 40 Colo.App. 150, 574 P.2d 107 (1977); *cf. Rathke v. MacFarlane*, 648 P.2d 648 (Colo.1982).

In light of plaintiffs allegations that, in reliance upon defendant Nelson's representations, they paid a premium price for their lakefront lots and custom built their homes to capture the view of the lake and utilize the greenbelt area, we cannot say that, as a matter of law, plaintiffs' remedy at law would be adequate to compensate them for the loss suffered. *See Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (Colo.1984). Thus, summary judgment was improper in this case.

The judgment is reversed and the cause is remanded for further proceedings.

KELLY and STERNBERG, JJ., concur.